**Janie E. MAYES, Appellant,**

v.

**POTTER & BRUMFIELD, INC., et al.,
Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

Rehearing Denied May 31, 1968.

John Frith Stewart, Louisville, for appellant.

Maxey Harlin, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, Stuart Alexander, Louisville, for appellees.

DAVIS, Commissioner.

On November 13, 1961, the appellant, Janie E. Mayes, sustained an injury incident to her employment by the appellee, Potter & Brumfield, Inc., when a piece of copper wire pierced her right eye. She was able to resume work for appellee on July 31, 1962, and continued employment there through February 11, 1963. Appellant made application for adjustment of her compensation claim on January 4, 1963, and an award was rendered by the Board on August 24, 1964, allowing compensation for permanent partial disability of 15% to the body as a whole, plus certain temporary total disability payments and statutory medical benefits. Mrs. Mayes appealed that award to the Simpson Circuit Court where it was affirmed on October 19, 1964. On February 10, 1965, Mrs. Mayes filed her motion for reopening and review of the award on the ground of change of condition as prescribed by KRS 342.125. An order was entered looking toward reopening the matter, and after medical and other testimony was presented the Board entered a new award December 19, 1966, sustaining the motion for reopening and review and allowing total disability recovery " * * * continuing so long as [Mrs. Mayes] shall remain totally disabled, not exceeding, however, 425 weeks after November 13, 1961; * * *." The Board based its award on its finding that Mrs. Mayes " * * * is and has been since some time prior to the filing of her motion to reopen totally disabled as the result of a conversion reaction (or so-called 'traumatic neurosis') directly and proximately resulting from her accident and injury of November 13, 1961, * * *." The employer appealed to the Simpson Circuit Court from that award. The circuit court reversed the award, directing that the Board overrule the

motion to reopen and leave in effect the first award of August 24, 1964. It is from that judgment that this appeal is prosecuted.

The trial court apparently based its decision upon the employer's contention that the Board in its original award had specifically refused to make any allowance to Mrs. Mayes for her claimed injury to her nervous system, and since that award had been affirmed by a judgment of the court which had never been modified, the matter was *res judicata*. Our view of the case makes it appropriate for us to suggest the arguments advanced here by the employer which may be thus summarized: (1) Since the employee was denied compensation for alleged attendant injury to her nervous system, there can be no reopening based upon that same alleged injury, and (2) KRS 342.125(1) requires that there must be an award granted before a reopening can be permitted.

In her original application for compensation, Mrs. Mayes gave particulars respecting her disability in these words: "Loss of sight in eye, optic neuritis, complete shock to nervous system." After an extended hearing, the Board fixed the award at 15% partial disability and specifically refused to make any award based upon "neuritis" or shock to the nervous system. As noted, the employee appealed that award to the circuit court where it was affirmed. No appeal was prosecuted to this court. There was abundant evidence indicating that since the original award the appellant has become totally disabled as the result of a conversion reaction proximately resulting from the accidental injury. There is some intimation in the record that the traumatic neurosis now being experienced by the appellant may be "compensation neurosis." However that may be, the disability following the neurotic condition of appellant, as related by competent medical witnesses, is a compensable condition. Cf. Com., Dept. of Highways v. Lindon, Ky., 380 S.W.2d 247.

We conclude that the rationale of Messer v. Drees, Ky., 382 S.W.2d 209; Tur-

ner Elkhorn Mining Company v. O'Bryan, Ky., 414 S.W.2d 410; and Daugherty v. Watts, Ky., 419 S.W.2d 137, governs the case before us. We deem it unnecessary to restate that principle here. The evidence presented in behalf of the appellant clearly supports the Board's finding that her neurotic condition has substantially changed since the date of the first award. Although it is true that in the first proceeding the appellant undertook to obtain an award based on a neurosis resulting from her injury, it is also true in the second proceeding that she has presented evidence fully supporting the proposition of a substantial change of condition since the date of the original award. KRS 342.125 would be meaningless if the appellee's argument is accepted.

The appellee contends that KRS 342.125 (1) presupposes that an award has been granted as a condition precedent to a motion for reopening and review. Cited in support of that contention is Princess Elkhorn Coal Company v. Ousley, Ky., 356 S.W.2d 37. The factual situation at bar is distinct from that which obtained in the Ousley case. In Ousley, an application for adjustment of compensation had been filed and dismissed by agreement. This court held that in such a circumstance, absent an allegation and finding of fraud, there was nothing for the Board to "reopen." Ousley is not authority for precluding the reopening procedure which has been followed in the present case.

The appellee urges that the original award had the effect of a finding by the Board that any claimed neurosis was not due to any accident arising out of the employment. Since the employee appealed to the circuit court from that award, where it was affirmed, it is reasoned by appellee that the doctrine of *res judicata* controls. We are not so persuaded. The original award rested on a finding by the Board that the employee had failed to prove any neurosis which had arisen by reason of the accident. Now the record supports the Board's finding that her condition has changed and that

she does suffer traumatic neurosis arising out of the injury she sustained in the course of her employment. That circumstance constitutes the change of condition justifying the Board's subsequent award. It follows that the trial court erred in upsetting the Board's award, inasmuch as it was based upon substantive evidence of probative value.

The judgment is reversed with directions to enter a new judgment affirming the award made by the Board December 19, 1966.

WILLIAMS, C. J., and HILL, MILLI-KEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.