**John W. YOUNG, Commissioner of Labor, etc., Appellant,**

v.

**BEAR BRANCH COAL COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

March 19, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

E. R. Hays, Baird & Hays, Ronald W. May, Pikeville, for appellees.

CLAY, Commissioner.

This is a workmen's compensation case. The employee sustained a head injury on February 1, 1966, while in the employ of the Bear Branch Coal Company. The Workmen's Compensation Board found that he was totally and permanently disabled, and this finding is not questioned. The Special Fund is the appellant here.

It appears the employee had a psychiatric condition which substantially contributed to his continuing disability. The original award found its way to this court on appeal in Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656 (1968), wherein the facts are fully set forth. The judgment of the circuit court was reversed with directions to remand the case to the Board (page 659 of 434 S.W.2d) :

"* * * for the taking of further medical proof directed to the question of whether or not the employee's condition (assuming it was dormant and nondisabling) may be medically characterized as a 'disease condition', and for a specific finding on the determinative essential factors which require apportionment under KRS 342.120(1) (b)."

Upon remand the Board appointed a physician under KRS 342.121 to examine the employee, but his report was unresponsive to the questions propounded. However, the Board ordered the retaking of another doctor's deposition who had formerly testified in the proceedings. This doctor was of the opinion that the employee's pre-

**42**

existing condition properly could be characterized a "disease" and the Board accepted this finding. No physician attempted to apportion the disability on a percentage basis as between the injury and the pre-existing disease. However, the physician just referred to was of the opinion that the employee's disability, after April 18, 1966, was not the result of his occupational injury but was the result of a psychophysiological reaction.

On the basis of this additional medical evidence the Board made a finding of fact and an award which are almost incomprehensible because the Board purported to affirm its original award which dismissed the Special Fund, but in the same breath imposed a portion of liability on the Special Fund. It appears that while these proceedings have been pending the employer has paid total and permanent disability benefits to the employee in the amount of approximately $11,000. The effect of the award was to impose liability on the employer to this extent, with the provision that any remaining payments due the employee be paid by the Special Fund.

On appeal to the circuit court, it held the employer was liable for compensation payments to April 18, 1966, in addition to medical expenses, and the Special Fund must reimburse the employer for any payments in excess thereof.

We affirm the circuit court's judgment. Under KRS 342.120(3) the employer is liable:

> "* * * only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused diseased condition."

The uncontradicted medical testimony was to the effect that on and after April 18, 1966, the employee's disability was not caused by his traumatic injury. His disability thereafter resulted from the pre-existing, dormant, nondisabling disease condition which had been aroused by the injury. Consequently the Special Fund must bear the burden of compensation payments after that date. This is not the usual form of apportionment but for practical purposes it resolves this controversy.

The judgment is affirmed.

All concur.