Nancy T. CALVERT, Appellant,

v.

BROWN & WILLIAMSON TOBACCO COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 19, 1971.

Robert M. Lindsay, John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

William D. Grubbs, Louisville, for appellees.

DAVIS, Commissioner.

On March 15, 1968, the appellant suffered a back injury in her employment. She filed a claim for workmen's compensation benefits. An agreed award was approved by the Board on September 30, 1968, by which appellant received benefits for twenty weeks in addition to benefits for nine weeks already paid to her.

On May 5, 1969, appellant filed a motion to reopen her claim, claiming mistake and

change of condition indicating permanent disability. KRS 342.125. The Board referred the motion to a hearing officer. Medical proof was presented by appellant and by her employer. The Board considered the testimony and overruled the motion to reopen. The circuit court affirmed the Board's ruling. Appellant seeks reversal asserting that (1) appellant's mistaken belief that her injury would heal in a specified number of weeks, so that she could resume work, was such mistake or change of condition as required the Board to reopen her claim; and (2) appellant should be awarded benefits based on total permanent disability on the basis of medical testimony.

Appellant testified in her own behalf and presented the evidence of Dr. Gordon L. Smiley, her treating physician. The Board could have been persuaded by this testimony to sustain the motion to reopen.

However, there was countervailing evidence from two doctors. Dr. Paul J. Ross, a neurosurgeon, had examined appellant (at the instance of her own physician) on July 22, 1968, when he found nothing which would prevent her returning to work. As noted, the agreed award was entered in September 1968. Incident to the motion to reopen, Dr. Ross again examined appellant on September 10, 1969. The following appears in his deposition:

"Q. Doctor, with regard to her condition in September of 1969 as contrasted with July of 1968, * * * were there any changes in her physical condition, physical changes that you were able to ascertain on this later examination?

A. No, they were essentially the same."

Dr. Ross further testified that he observed no condition upon his second examination which would prevent appellant's resuming her work. The third doctor also opined that appellant was not disabled, although he had not examined her prior to the agreed award.

Appellant's reliance upon Messer v. Drees, Ky., 382 S.W.2d 209, and Turner Elkhorn Mining Company v. O'Bryan, Ky., 414 S.W.2d 410, is misplaced. Here the Board followed those cases by affording appellant an opportunity to demonstrate her entitlement to relief under KRS 342.125. The Board, in the proper exercise of its prerogative as the fact finder, was not persuaded to the view urged by appellant. The evidence in her behalf was not so strong as to require a finding in her favor. In such circumstances, the finding of the Board is not to be upset on judicial review. KRS 342.285. Royal Crown Bottling Company v. Bedwell, Ky., 449 S.W.2d 767.

The judgment is affirmed.

All concur.