**Aubrey Thomas MITSCH, Appellant,**

v.

**STAUFFER CHEMICAL COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellee Stauffer Chemical Co.

Gemma M. Harding, Dept. of Labor, Louisville, for appellee Special Fund.

CULLEN, Commissioner.

On March 23, 1970, an order was entered granting Aubrey Thomas Mitsch an open-end award of workmen's compensation for total permanent disability attributable to a herniated-disc condition arising from an accident that occurred in July 1967. In January 1971 the employer moved to reopen the award on a change of conditions, alleging that Mitsch had worked regularly from July 28, 1970, to January 12, 1971, at his occupation as an electrician. At the hearing on the motion it was shown in evidence that Mitsch had worked as an electrician, for full compensation plus some overtime, from October 1969 to January 12, 1971.

The Workmen's Compensation Board reopened the original award and entered a new award allowing Mitsch compensation for 50 percent permanent partial disability only, giving the employer credit for payments previously made. On appeal by Mitsch to the circuit court, judgment was entered upholding the board's action. Mitsch has appealed from that judgment to this court.

Mitsch argues that an award can be reopened on the ground of a change of condition only upon a showing of a change of "physical" condition, and by this he means a change of *functional* disability. We do not agree. Workmen's compensation is for *occupational* disability. Osborne v. Johnson, Ky., 432 S.W.2d 800. As was said in Kilgore v. Goose Creek Coal Company, Ky., 392 S.W.2d 78 at 80:

"* * * Whatever may be the degree of physical impairment established

John Frith Stewart, Louisville, for appellant.

by the medical testimony, the board must make its own estimate, from the evidence as a whole, of whether and to what degree that impairment actually disables the claimant from performing the duties of his occupation. Percentage of physical limitation is a medical question; percentage of disability is not."

The board's determination of the extent of occupational disability, from evidence as to the extent of functional disability, often is no more than an educated guess. The board undertakes to decide what the probabilities are as to the workman's future capability to engage in gainful employment. Particularly was this true in the instant case, where the medical testimony as to the nature and extent of Mitsch's functional impairment was equivocal, and the board, in making an open-end award, said: "His condition is expected to improve with time."

■ Here, subsequent events established clearly that Mitsch's occupational disability was not total, as the board originally had estimated, but was only partial. Positive evidence of the extent of his occupational disability, not available when the original claim was heard, subsequently became available. We think the board properly reduced the award under those circumstances. See Messer v. Drees, Ky., 382 S.W.2d 209 at 213; Daugherty v. Watts, Ky., 419 S.W.2d 137; Department of Finance v. Wright, Ky., 425 S.W.2d 740; Reynolds v. Justice Coal Company, 425 S.W.2d 750; Mayes v. Potter & Brumfield, Inc., Ky., 427 S.W.2d 567; and Fayette County Board of Education v. Phillips, Ky., 439 S.W.2d 319; Cf. Young v. Charles F. Trivette Coal Company, Ky., 459 S.W.2d 776; Calvert v. Brown & Williamson Tobacco Company, Ky., 465 S.W. 2d 75; Young v. Harris, Ky., 467 S.W.2d 588.

The judgment is affirmed.

All concur.