GEORGE M. EADY COMPANY,
Appellant,

v.

Comer STEVENSON et al., Appellees.

Supreme Court of Kentucky.

Jan. 14, 1977.

William Mellor, Louisville, for appellant.

Robert M. Lindsay, Louisville, for appellee Comer Stevenson.

Cyril E. Shadowen, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for appellee, Special Fund.

William L. Huffman, Frankfort, for Director of Workmen's Compensation Bd.

LUKOWSKY, Justice.

The Workmen's Compensation Board found that the claimant was 70% occupationally disabled and apportioned 35% to the latest injury and the remainder to an aroused dormant nondisabling disease or condition. Thus, both the employer and Special Fund are to pay the claimant 35% disability benefits. The employer has appealed.

The employer's physician, Dr. Rummage, testified that the claimant's work-related back injury was completely healed. He attributed the claimant's remaining problem to a chronic degenerative low back condition which the claimant had before the injury.

Dr. Fischer was appointed by the Board to examine the claimant. His report stated that the claimant was 40% functionally disabled, with 15% attributable to the work-related injury to the back and neck, and 25% attributable to the dormant nondisabling condition of the neck and back which was aroused into disabling reality by the work-related injury.

The employer contends that the claimant's Form 11, Application for Adjustment of Claim, and his testimony, neither of which mention neck pain, constitute judicial admissions that the claimant did not suffer pain in his neck resulting from the work-related injury. Because Dr. Fischer's medical conclusions were based upon a related medical history of neck pain as well as back pain, the employer contends that they were not competent for Board consideration.

The doctrine of judicial admissions should be applied only where the state-

ments are unequivocal and must be considered to be deliberately true or false. "Most of the cases which hold that a party is bound by his own testimony may be justified upon the theory that they involve a finding that the circumstances under which the party sought to escape the effect of his own admissions were not consistent with honesty and good faith." Wigmore, A Treatise on the Anglo-American System of Evidence in Trials at Common Law, 3rd ed., sec. 2594a.

Applying this rule to the facts of this case, we do not believe that the claimant's failure to mention neck pain in his Form 11 and testimony constitutes a judicial admission that he did not experience pain in his neck. He testified that he experienced pain in the back. The claimant was not asked whether he had ever experienced pain in the neck. Nor was he asked to define what he meant by pain in the back. Pain in the back might include pain in the neck. When asked whether he had any pain in any part of his body besides his back, the claimant said that he also had pain in his leg. He was never asked whether he had pain in any part of his body other than his back and leg.

It is true that on the Form 11 the claimant stated that the pain was in his low back and leg. But we think it would extend the doctrine of judicial admissions too far, if we held, in effect, that everything one was going to tell an examining physician about his injury had to appear on the Form 11.

The employer's alternative argument is that if Dr. Fischer's report is competent, the Board was bound as a matter of law to apportion the liability between the employer and the Special Fund in the same ratio that Dr. Fischer apportioned the functional disability. Under this formula the employer would pay benefits for 26¼ disability while the Special Fund would pay the remaining 43¾% disability benefits.

The contention is without merit. *Young v. Campbell*, Ky., 459 S.W.2d 781 (1970) and *Young v. Young*, Ky., 460 S.W.2d 832 (1970) require the Board, in a KRS 342.120 apportionment case, to translate functional impairment ratings into occupational disability percentages. Once the findings require apportionment under the statute, the Board is required to first determine the extent of occupational disability attributable to the latest injury alone and the employer is responsible for this. The Board has great leeway in translating functional impairment into occupational disability. *Mitsch v. Stauffer Chemical Co.*, Ky., 487 S.W.2d 938 (1972). The extent of liability of the Special Fund and the exclusion of noncompensable conditions are left to a process which is essentially subtraction.

In its decision of this case the Board meticulously followed the procedure set out in *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971). The employer has no legitimate basis of complaint.

The judgment is affirmed.

All concur.