Milton CHAPMAN, Appellant,

v.

PAYNE AND HAGER, INC. and
Workmen's Compensation Board
of Kentucky, Appellees.

Court of Appeals of Kentucky.

April 14, 1978.

Robert L. Bertram, Jamestown, for appellant.

Robert B. Hensley, Horse Cave, for appellees.

Before PARK, VANCE and WINTERS-HEIMER, JJ.

PARK, Judge.

The sole issue presented on this appeal concerns the obligation of the Workmen's Compensation Board under KRS 342.270(5) to hold a claim for benefits in abeyance so long as the employee is receiving the maximum benefits allowable through voluntary payments of compensation by the employer and its carrier. This is a case of first impression.

The appellant-employee, Milton Chapman, received a serious work-related injury on October 4, 1974, while employed by the appellee-employer, Payne and Hager, Inc. Chapman filed a timely claim for compensation benefits. On February 18, 1976, Payne and Hager filed a motion requesting the board to hold the claim in abeyance on the ground that voluntary payments of compensation were being made to Chapman in the maximum amount allowable under the Workmen's Compensation Act. On March 1, the board overruled the motion to hold in abeyance without giving any explanation for its ruling. On March 9, Payne and Hager renewed its motion to hold the claim in abeyance. The second motion was overruled by the board without explanation on April 5. On October 4, 1976, the board rendered an opinion and award finding that Chapman had sustained an occupational disability of 100% for an indeterminate period of time as a result of the work-related injury on October 4, 1974.

Payne and Hager appealed the board's award to the Franklin Circuit Court. This appeal was based solely upon the following provisions of subsection (5) of KRS 342.270:

An application for adjustment of claim *shall* be held in abeyance by the board during any period voluntary payments of compensation are being made under any benefit section of this chapter to the maximum which the employe's wages shall entitle him, *unless* it shall be shown that the prosecution of the employe's claim would be prejudiced by delay. (emphasis added)

Payne and Hager has never argued before the board, the circuit court or this court that Chapman was not totally disabled at the time. However, Payne and Hager asserts that the record conclusively demonstrates that it has made voluntary payments of maximum benefits and that Chapman had not shown that his claim would be prejudiced by holding it in abeyance.

The circuit court agreed, holding that the statute was mandatory in the absence of a showing that prosecution of the claim would be prejudiced by delay. Finding that no showing whatsoever had been made of any such prejudice, the circuit court set aside the award and directed the board to hold the matter in abeyance pursuant to KRS 342.270(5). We agree that the record establishes that Chapman has received voluntary payments of the maximum benefits which would be payable under the compensation act. The statute provides in such cases that the claim *shall* be held in abeyance *unless* the prosecution of the employee's claim will be prejudiced. The word "shall" is mandatory. KRS 446.010(29). In the absence of a showing of prejudice to the employee's claim, the board had no discretion in the matter, and it was required to hold the claim in abeyance.

KRS 342.270(5) can serve a salutary purpose. Often the extent of occupational disability can be determined only by the passage of time. As the court stated in *Mitsch v. Stauffer Chemical Co.*, Ky., 487 S.W.2d 938, 940 (1972):

The board's determination of the extent of occupational disability, from evidence as to the extent of functional disability, often is no more than an educated guess. The board undertakes to decide what the probabilities are as to the workman's future capability to engage in gainful employment.

KRS 342.270(5) is a partial solution to the problem. So long as the employee is receiving voluntary payments of maximum benefits, his claim can be held in abeyance until the board can make a realistic determination, rather than an educated guess, of the extent of occupational disability.

We agree with the circuit court that Chapman did not show that his claim would be prejudiced by delay. In response to the initial motion to hold in abeyance, Chapman responded that his attorney would be denied immediate payment of fee and that expenses had been incurred for physician's deposition fees, travel expenses, and court reporter fees. In response to the second motion to hold in abeyance, Chapman filed an affidavit that the compensation checks from Payne and Hager were two to three weeks late on a few occasions. In addition, he suggested that the treating physicians at the University of Kentucky Medical Center tended to be transient and that their testimony might be lost if the case were held in abeyance. However, the deposition of his treating physician is a part of the record, and there is nothing in KRS 342.270(5) which prohibits taking the testimony of a witness about to leave the state. Standing alone, these facts, if true, would not constitute such prejudice to the employee as to avoid the mandatory application of KRS 342.270(5).

Chapman also suggests that Payne and Hager and its compensation carrier are acting in bad faith for the sole purpose of harassment and delay. In order to support this allegation, Chapman goes outside of the record made before the board. The circuit court properly refused to consider a letter allegedly from the compensation carrier's claims supervisor indicating that, "We will make this guy work for every penny he gets." Any such letter could properly be brought to the board's attention following remand.

Two years elapsed between the injury and the board award, but that fact alone does not justify the board's refusal to hold the claim in abeyance. The question should not be the precise amount of time that has elapsed since the injury, but rather whether the employee has achieved maximum recuperation. If the employee will not recover further from the effects of the injury, there probably can be no legitimate reason for holding the claim in abeyance. In the present case, we note, as did the circuit court, that the board gave no reason for its decision not to hold Chapman's claim in abeyance.

Under the facts and circumstances of this case, we conclude that the circuit court was correct in its judgment remanding the case to the board with direction to hold Chapman's claim in abeyance pursuant to KRS 342.270(5). This judgment would not foreclose the board from taking Chapman's claim out of abeyance upon a motion making a proper showing that he would be prejudiced by further delay.

The judgment of the circuit court is affirmed.

All concur.