**McLEOD DISTRIBUTING COMPANY,**
**Appellant,**

v.

**John B. CAMPBELL; James R. Yocom,**
**Commissioner of Labor and Custodian**
**of the Special Fund; and Workmen's**
**Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 21, 1979.

William Lehnig, Duncan & Lehnig, Louisville, for appellant.

Ronald W. Crawford, Louisville, for appellee, John B. Campbell.

John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellees, Yocom and Special Fund.

Before HAYES, C. J., and LESTER and VANCE, JJ.

LESTER, Judge.

The defendant-appellant employer requested the Workmen's Compensation Board to hold the claim for benefits in abeyance which, without assigning a reason, it refused to do. The trial court remanded the cause to the Board for the purpose of making a finding in support of its order and the employer appeals.

John B. Campbell sustained an employment-related back strain on March 14, 1977, but he did not terminate his work until February 17th of the following year. Four days later, he filed his application for adjustment of his claim and underwent surgery on November 13, 1978. From the date of the filing until the time of the operation, the appellant paid no compensation, but commencing with the day of hospitalization, the employer voluntarily started remittance of the maximum benefits upon a total disability basis. By Campbell's calculations he has owing him $3,848.00 (37 weeks) of temporary total disability.

On November 20, 1978, McLeod Distributing filed its motion to hold in abeyance upon the premise that it was voluntarily paying benefits. The employee objected upon the ground that there is no evidence adduced by appellant that the injury was non-work-related and that if the claim was abated, even temporarily, he would be unable to proceed on the temporary total portion of his claim which he, his wife and four dependent minors need. Appellant, on the other hand, takes the position that the Board should not attempt to fix the extent of occupational disability while the employee was recovering from disc surgery cou-

pled with the legal argument that KPS 342.270(5) as interpreted by *Chapman v. Payne and Hager, Inc.*, Ky.App., 565 S.W.2d 167 (1978), requires the Board to order abeyance.

Insofar as time is concerned with relation to the appellate process, we note that the order of the Jefferson Circuit Court is dated March 19, 1979, and the notice of appeal was filed some twenty-nine days later and it was not until almost ninety-one days thereafter that the statement of appeal and appellant's six page brief were received and the cause docketed on July 23, 1979. Thirty days thereafter, both appellees' briefs were submitted and the transcript from the Board filed September 27, 1979. At this writing, we are approaching the final month of the year and we recite time spans to demonstrate that there has been undue delay upon appellant's part in prosecuting this one issue appeal. It is reasonably evident to this court that the employer is very hesitant in meeting the issue of the thirty-seven weeks temporary disability.

Granted that the Board assigned no reason for overruling the motion, but nothing in either the statutes or the *Chapman* case require it to do so. Moreover, nothing in that opinion gave even the slightest indication that the injured workman was claiming any *unpaid benefits*. True enough, Chapman wanted certain fees and expenses paid, but nothing is said about *compensation benefits*. It is for this reason that we are going to distinguish this litigation and not apply the rule of *Chapman*.

We note that in its affidavit and motion before the Board that it had agreed to pay appellee's hospital bill and surgical expenses, but its insurance carrier refused to do this from the first time (February 6, 1979) it was notified of the necessity of an operation until June 13, 1979. It said nothing about the unpaid benefits.

Appellant also argues that Campbell could move the Board to remove the claim from abeyance, but as a practical matter, it has the employee on that issue on appeals to both the circuit court and this court.

Appellee's case is not merely prejudiced, it is completely stopped which appears to be for no other reason than delay itself. As said by the Jefferson Circuit Court:

> To this Court it appears that the intent of the statute could not be to allow a covered employee to languish indefinitely as long as payments were currently being made. In short, an employee might well have thousands of dollars due to him for a past period wherein payment should have been made but was not so made, and the responsible party could forestall any payment of past due monies by undertaking present payment of the maximum benefits payable.

Appellant's interpretation of *Chapman* allows of just such a meaning being applied to KRS 342.270(5) and we disagree and will not permit it.

The judgment of the circuit court is reversed with directions to reinstate the order of the Workmen's Compensation Board.

All concur.