FISCHER PACKING
COMPANY, Appellant,

v.

James D. LANHAM; Special Fund; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Larry D. BEALE, Director of Special Fund, Appellant,

v.

James D. LANHAM; Fischer Packing Company; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 90–SC–481–WC, 90–SC–482–WC.

Supreme Court of Kentucky.

Feb. 14, 1991.

Mary Jo Wetzel, Woodward, Hobson & Fulton, Louisville, for Fischer Packing Co.

Martin F. Sullivan, Jr., Louisville, for James D. Lanham.

Denis S. Kline, Labor Cabinet, Louisville, for Larry D. Beale, Director of Special Fund.

OPINION OF THE COURT

This consolidated appeal raises several issues in the context of a motion to reopen a workers' compensation claim.

The claimant suffered a back injury on December 10, 1980, while employed by Fischer Packing Company. Although alleging total disability, the Workers' Compensation Board found that claimant was 50% disabled due to the occupational injury. Liability was apportioned ½ against the employer and ½ against the Special Fund. In April of 1984, the claimant moved for a reopening of his case based upon a change of condition. The Board found that claim-

ant failed to prove that his physical or functional disability had worsened since the time of the original award and properly dismissed the motion.

On June 24, 1987, claimant filed his second motion to reopen based upon a change of condition. This motion was granted due to the report of Dr. Rosenbluh, a psychologist. No psychological testimony had been presented during the original action nor the first motion to reopen. Dr. Rosenbluh reported that claimant's occupational disability had increased as a result of severe depression, and that claimant was now 100% disabled.

Convinced by this testimony, the Administrative Law Judge (ALJ) found claimant 100% occupationally disabled and that the additional 50% occupational disability was a direct result of the severe depression which had developed due to the work-related injury. The ALJ awarded lifetime benefits and assessed liability totally against the employer.

The Board affirmed with the exception of apportioning liability for the 50% increase equally between the employer and the Special Fund. The Court of Appeals affirmed. The employer, Fischer Packing Company, and the Special Fund both appealed to this Court.

The employer presents factual or evidentiary and procedural arguments. First, the employer maintains that the evidence presented below actually established that claimant suffered "compensation neurosis" which is not recognized as compensable in Kentucky and should not now be deemed compensable; that the actual cause of the depression is claimant's discontent with the compensation provided, and that Kentucky should follow those jurisdictions which do not compensate for "compensation neurosis;" that no evidence was presented that claimant's disability is different now than in 1980, that is, no evidence of a change of condition; and that the evidence presented was insufficient to prove that claimant's depression was work-related.

■ The employer has argued throughout these proceedings that claimant's depression was due to his discontent with the compensation award and not due to his injury. The ALJ determined, based upon the evidence, that claimant's depression was due to his work-related injury. While Dr. Rosenbluh did state that claimant's discontent with the compensation system added to his frustration, as stated by the ALJ, Dr. Rosenbluh "testified firmly that there was a causal connection between the depression and the work injury resulting in total disability. This testimony is uncontradicted by other testimony. Therefore, this ALJ finds specifically that Dr. Rosenbluh's testimony is persuasive on this issue." We agree with the Court of Appeals that because the finding of the ALJ is supported by substantial evidence, it should not be disturbed. Therefore, it is unnecessary to entertain the employer's argument that claimant is actually suffering from compensation neurosis.

■ The employer also points out that no evidence was presented as to a change in claimant's psychological condition from the original action to the date of these proceedings. Because a psychological disorder was not seriously considered in the original action, there is no evidence from that time with which a comparison could be made.

The requirement that the evidence of change be comparative is satisfied not only by testimony cast in terms of relatively higher or lower percentages of disability or degrees of seriousness of the condition, but also by a showing of the appearance of a factor that is new in kind rather than degree. For example, if the first award was based solely on physical symptoms, and if a neurotic condition superimposes itself later, this is obviously a change enough itself.

3, Larson's *Workmen's Compensation Law*, § 81.33(b). *Mayes v. Potter & Brumfield, Inc.*, 427 S.W.2d 567 (1968); *Messer v. Drees*, Ky., 382 S.W.2d 209 (1964). (See also, *Capitol Foundry v. Industrial Commission*, 551 P.2d 69 (1976) for a detailed discussion of facts and conclusions similar to the case at bar.) In this case, claimant's condition was new in kind and a compari-

son could not possibly have been made. The ALJ's holding that the combined physical condition and psychological condition rendered claimant 100% occupationally disabled was supported by the uncontradicted testimony of Dr. Rosenbluh.

 Second, the employer argues that it was error for claimant to be awarded lifetime benefits; that *Teledyne–Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986), does not apply in this case; that the ALJ should have first determined what disability was attributable to the new condition and then determined the increase in disability, rather than first determining that the claimant was 100% disabled.

It is explicit within the ALJ's Opinion that the result of his findings was that the depression constituted a 50% increase in disability.

> After reviewing the lay and medical testimony and taking into consideration Plaintiff's age, education and work history, the evidence now supports a finding that the Plaintiff is suffering from an occupational disability of 100% under the principles of *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). The additional 50% occupational disability is a direct result of the severe depression which has developed as a result of the injury as testified to by Dr. Rosenbluh.

*Teledyne–Wirz v. Willhite* is dispositive, and the award of lifetime benefits was proper pursuant to KRS 342.730(1)(a).

In addition to disputing the factual basis for the award, the Special Fund argues that there should be a rule of law with respect to whether the fact finder is free to apportion liability for any increased occupational disability on the basis of the facts presented, or whether he/she is bound by the initial decision on that issue.

The Fund relies upon *Brown & Williamson Tobacco Corp. v. Harper, et al.*, Ky. App., 717 S.W.2d 502 (1986), for the proposition that liability apportionment can be relitigated if the increase in occupational disability is a result of a claim which could never previously have been decided. However, the basis of that holding was to allow joinder of the Special Fund as a defendant in a reopening, even though not joined as a defendant in the original action.

 The basis of the award in this reopening proceeding is that claimant's psychological disorder is directly related to his 1980 back injury. In fact, a causal connection is necessary to prevail on these grounds. *Griffith v. Blair*, Ky., 430 S.W.2d 337 (1968). Liability for the back injury was apportioned equally and, because the subsequent condition was found to be related to the prior injury, the apportionment of liability as to the increased disability remains 50% to the employer and 50% to the Special Fund.

The Opinion of the Court of Appeals is affirmed.

All concur.

REYNOLDS, J., not sitting.