HEARTLAND HEALTH CARE
CENTER, Appellant,

v.

Rosella MAUPIN; Vicki G. Newberg, Act-
ing Director of Special Fund; Walter W.
Turner, Administrative Law Judge; and
Workers' Compensation Board, Appel-
lees,

and

AMERICAN STANDARD, Appellant,

v.

Daniel LANGNEHS; Vicki Newberg, Act-
ing Director of Special Fund; and
Workers' Compensation Board, Appel-
lees.

Nos. 93–SC–749–WC, 93–SC–957–WC.

Supreme Court of Kentucky.

Nov. 23, 1994.

Carole Meller Pearlman, Williams & Wag-
oner, Louisville, for appellant Heartland
Health Care Center.

Jackson W. Watts, Lexington, for appellee
Maupin.

Judith K. Bartholomew, Joel D. Zakem, R.
Scott Summers, Louisville, for appellee New-
berg.

William A. Miller, Sr., C. Patrick Fulton,
Louisville, for appellant American Standard.

Tamara Todd Cotton, Hardy, Logan, Prid-
dy & Cotton, Louisville, for appellee Lang-
nehs.

OPINION OF THE COURT

■ The issue in these cases is when a
work-related back or heart condition is auto-
matically apportioned equally between the
employer and the Special Fund pursuant to
KRS 342.1202, shall another compensable
condition related to the underlying heart or
back condition also be automatically appor-
tioned equally.

KRS 342.1202 was enacted in 1987 and
provides as follows:

> 342.1202 Apportionment of award for
> income benefits or permanent disability
> based on pre-existing disease or pre-exist-
> ing condition of the back or the heart
>
> An award for income benefits for perma-
> nent total or permanent partial disability
> under this chapter based, in whole or in

part, on a pre-existing disease or pre-existing condition of the back, or of the heart shall be apportioned, by the administrative law judge, fifty percent (50%) to the employer and fifty percent (50%) to the special fund. Apportionment required by this section shall not be a cause of appeal.

In *Heartland,* claimant sustained a work-related back injury, and the parties stipulated 50/50 apportionment. The Administrative Law Judge (ALJ) apportioned the psychological component of the claim 80% to the Special Fund and 20% to the employer according to the evidence. However, pursuant to a petition for reconsideration, the ALJ apportioned liability for the psychological condition equally. The Workers' Compensation Board (Board) and the Court of Appeals affirmed.

In *American Standard* the ALJ apportioned liability for a work-related back condition equally between the employer and the Special Fund. The psychological component of the claim was also apportioned equally. The Board and the Court of Appeals affirmed.

In each of the Court of Appeals opinions below, the automatic apportionment provision for back and heart conditions contained in KRS 342.1202 was applied to conditions superimposed upon or occurring in combination with the back or heart condition. This conclusion is reached in part by relying upon *Fischer Packing Co. v. Lanham,* Ky., 804 S.W.2d 4 (1991).

In the cases under consideration, evidence was presented that nonwork-related factors caused part or all of the claimant's psychological condition, and therefore the employers insisted that they should not be responsible for that portion of the claim.

However, we agree with the rationale of the Board in its opinion in the *American Standard* appeal:

It is the Board's opinion that, pursuant to *Fischer Packing Co. v. Lanham,* Ky., 804 S.W.2d 4 (1991), if an injury has two causative components; an accident and a pre-existing condition, any psychological condition resulting from that injury must likewise be attributed to the same causative components. Thus, since the occupational disability resulting from Langnehs' physical condition was apportioned equally between his work accident and arousal of pre-existing conditions (whether by statute, stipulation, or in accordance with the evidence) the disability which is attributable to the psychological problems triggered by the injuries must be apportioned equally as well.

■ We are further persuaded by the Special Fund's argument that KRS 342.1202 requires any disability "based in whole or in part" on pre-existing condition of the back, to be apportioned equally between the employer and the Special Fund. In these cases, we believe that there was substantial evidence to support the ALJ's findings that the psychological component of both claims was based in whole or in part upon a pre-existing condition of the back. In other words, the psychological disability was based at least in part upon the pre-existing condition of the back for that is what triggered the psychological disability. We believe this puts to rest any alarm that application of KRS 342.1202 in these cases will lead to its application in instances involving disability created by conditions totally independent of the pre-existing back or heart condition.

Specifically addressing the evidentiary question presented by American Standard, the testimony of Drs. Granacher and Shelton support the decision of the ALJ. *Special Fund v. Francis,* Ky., 708 S.W.2d 641 (1986). *See also, Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685 (1992). Just because the ALJ recognized and pointed out the shortcomings of the evidence does not discredit his decision based upon the whole of the evidence.

■ Regarding Heartland's contention that the ALJ exceeded his authority in amending apportionment upon reconsideration, in this instance the question of the proper legal standard for apportionment was appropriately considered and corrected. Patent errors of law contained in an opinion and award should be corrected on a petition for reconsideration. *Wells v. Ford,* Ky., 714 S.W.2d 481 (1986).

The decisions of the Court of Appeals in *Heartland Healthcare Center v. Maupin* and *American Standard v. Langnehs* are hereby affirmed.

All concur.