**Tracy SLONE, Appellant**

v.

**JASON COAL COMPANY; Robert L. Whittaker, Acting Director of Special Fund; Hon. Irene Steen, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–SC–870–WC.

Supreme Court of Kentucky.

May 11, 1995.

Case Ordered Published as Corrected June 2, 1995.

Rehearing Denied Aug. 24, 1995.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellant.

David W. Barr, Mark C. Webster, Louisville, for appellee Special Fund.

Rhonda Elaine Franklin, Dunn, Franklin & Riley, Lexington, Benita J. Riley, Jeffery D. Damron, Riley & Damron, P.S.C., Prestonsburg, for appellees Jason Coal Co.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals in a workers' compensation case which held that a claimant cannot reopen an injury claim on the basis of a worsening of a nonlitigated disabling mental condition.

The questions presented are whether the failure to proffer evidence of a psychiatric impairment in the original proceedings bars reopening on the basis of evidence of psychiatric conditions where the record does not show that there was any work related evidence during the original proceeding, and whether medical evidence of a worsening of psychiatric impairment supports a finding of an increase in occupational disability regardless of whether the claimant is now time-barred from recovering on the basis of a work related psychiatric disability which he may have had originally.

Slone suffered a work related back injury when he was employed by Jason Coal. He has not returned to work following the injury. He filed for workers' compensation benefits and social security disability benefits at about the same time in July of 1987. In the social security claim, Slone submitted psychiatric evaluation evidence and was granted disability benefits. However, in the workers' compensation claim, he did not present any psychiatric complaint. He also received a workers' compensation award. In the workers' compensation case, the evidence consisted solely of the opinions of orthopedic doctors and neurosurgeons.

In 1992, Slone sought to reopen his claim pursuant to KRS 342.125(1), alleging a change of occupational disability in that a mental condition which was dormant and nondisabling at the time of his injury was then manifesting itself. The Administrative Law Judge found that half of the mental disabilities were a result of preexisting active conditions and half were due to the injury and its arousal factors. The Workers' Compensation Board reversed the decision of the ALJ and remanded the case with directions to dismiss the motion to reopen because the claimant failed to produce evidence of the mental condition in the original case. The Court of Appeals affirmed the decision of the Board. This appeal followed.

The testimony in the record from the physician expert used by the claimant indicates that the mental condition was sufficiently known to be the subject of a proceeding for Federal social security benefits. For some unknown reason, the claimant did not choose to pursue a similar complaint in the State workers' compensation proceeding. Accordingly, the present appeal which attempts to raise these issues by means of the reopening procedure cannot really be distinguished from the prohibition against piecemeal litigation stated in *Wagner Coal & Coke Co. v. Gray*, 208 Ky. 152, 270 S.W. 721 (1925). The failure of the claimant to present any evidence regarding his mental condition in the original workers' compensation claim cannot be cured by a motion to reopen more than two years later.

KRS 342.125 provides that an award may be reopened upon a showing of "change of occupational disability, mistake or fraud or newly discovered evidence." A motion to reopen cannot be based on a condition known to the claimant during the pendency of his original action, but which for some reason, he did not choose to litigate.

The authority of *Messer v. Drees*, Ky., 382 S.W.2d 209 (1964), cannot be relied upon by Slone. In *Messer, supra*, the claimant became aware of the psychiatric condition one day prior to the compensation award. His time for taking proof had expired and he sought reopening on the grounds of newly discovered evidence. In *Messer*, new counsel had been obtained during the pendency of the claim and present counsel did not know of the condition until immediately before the hearing date. Here, Slone had the benefit of the same counsel to route the original claim. Additionally, the same counsel represented Slone in his social security claim. He did not obtain new counsel until his 1992 motion to reopen. The mental evaluation was not introduced into evidence in the workers' compensation claim in Kentucky. Accordingly, *Messer* is factually distinguishable from this case and cannot be relied upon.

The mental condition could not be considered "newly discovered evidence" because Slone knew of this condition in 1987. His claim that the record does not show that counsel in the original proceeding understood that he had a psychiatric condition which was work related is unconvincing. Obviously counsel knew of the condition because it was presented in the social security claim process. His failure to determine whether the psychiatric condition was work related is simply a lack of due diligence. It is not "newly discovered evidence" that can be used to support a motion to reopen.

*Fischer Packing Co. v. Lanham*, Ky., 804 S.W.2d 4 (1991), provides that a psychiatric condition may be the basis for a reopening where it is the result of the work injury and becomes manifest after the original award. This may be the type of reopening based on a change of occupational disability provided in KRS 342.125. Slone's mental condition became manifest before or during the initial award and is not new or a change. This is not the situation contemplated in *Lanham, supra*. The fact that he is now experiencing a worsening of the impairment does not entitle him to pursue this matter as a reopening.

Slone having failed to present his psychiatric condition during the original claim cannot now contend that his condition is new in the degree of severity. In order to proceed with a "new in degree of severity" argument, the condition must have been the basis of the original award. *Lanham*.

This Court recognizes that *Woodbridge INOAC v. Downs*, Ky.App., 864 S.W.2d 306 (1993), held that claimants may present claims resulting from the same injury one at a time. It may have been possible for Slone to file a new claim for his psychiatric condition but he failed to do so within two years of his injury and even a new claim is now barred by the statute of limitations. KRS 342.185. In any event, either by means of a new claim or a motion to reopen, Slone would be prevented from presenting psychiatric evidence at this time because it is more than two years after the date of the original injury and it was not raised in the initial complaint although it was known to him by the use of ordinary prudence and diligence.

It is the holding of this Court that a motion to reopen pursuant to KRS 342.125 may not be based on a condition known to the claimant during the pendency of his original claim but which he did not present.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J. and LAMBERT, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LEIBSON, J., did not sit.