Robert L. WHITTAKER, Director
of Special Fund, Appellant,

v.

Mark TROUTMAN; Dever & Son Electrical Construction; Zaring P. Robertson, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 99–SC–0034–WC.

Supreme Court of Kentucky.

Oct. 21, 1999.

Rehearing Denied Jan. 20, 2000.

David W. Barr, Kentucky Labor Cabinet, Division of Special Fund, Frankfort, for Appellant.

Ronald K. Bruce, Greenville, for Appellee Mark Troutman.

Timothy P. Omara, Julie Ann Gregory, Middleton & Reutlinger, Louisville, for Appellee Dever & Son Electrical Construction.

COOPER, Justice.

Mark Troutman was severely burned by an electrical flash fire during the course of his employment with Dever & Son Electrical Construction. The burns affected Troutman's upper body, primarily his left ear and his hands. The medical evidence established that all of Troutman's *physical* disability was caused by the traumatic event. However, he also developed significant and disabling mental problems which included major depression and post-traumatic stress disorder. Dr. Daniel Garst, a psychiatrist, testified that one-half of Troutman's psychological impairment resulted from the arousal by the work-related injury of a pre-existing dormant, non-disabling mental condition into disabling reality. On the basis of this testimony, the employer filed a motion to join the special fund as a party defendant. The ALJ denied the motion, found Troutman to be 60% disabled, and ordered the employer to pay the entire award without apportionment. The Workers' Compensation Board

reversed the ALJ's denial of the employer's motion to join the special fund and remanded for further proceedings. The Court of Appeals affirmed and the special fund now appeals to this Court as a matter of right. Ky. Const. § 115; *Vessels v. Brown–Forman Distillers Corp.*, Ky., 793 S.W.2d 795 (1990).

■ If a work-related injury arouses a previously dormant, nondisabling disease or condition into disabling reality to the extent that the worker's subsequent disability is greater than it otherwise would have been, the employer is liable for compensation for the disability which would have resulted from the injury had there been no such condition and the special fund is liable for the rest. KRS 342.120(6), (7); *Beale v. Shepherd*, Ky., 809 S.W.2d 845 (1991). The same principle applies whether the pre-existing disease or condition is characterized as a physical condition or a mental condition. *Young v. Bear Branch Coal Co.*, Ky., 465 S.W.2d 41 (1971). If there is evidence to support such a finding, either party may by motion request the administrative law judge to, and "the administrative law judge shall, cause the special fund to be made a party to the proceedings." KRS 342.120(2)(b).

■ The special fund relies on *Fischer Packing Co. v. Lanham*, Ky., 804 S.W.2d 4, 6 (1991), as well as language quoted out of context from *Heartland Health Care Center v. Maupin*, Ky., 887 S.W.2d 553, 554 (1994) and *Whittaker v. Huff*, Ky., 962 S.W.2d 878, 879 (1998) for the proposition that any mental disability caused by a compensable injury must be apportioned the same as the underlying physical disability; *ergo,* since there was no apportionment of Troutman's physical disability, there can be no apportionment of his mental disability and the employer is liable for the entire award. This argument ignores the factual and legal bases for our decisions in the three cited cases.

In *Fischer Packing Co. v. Lanham,* there was no indication that the mental component of Lanham's disability resulted from the arousal of a pre-existing dormant mental condition. Rather, his mental disability was caused by depression over his physical disability, which was caused by his work-related back injury. *See Whittaker v. Huff, supra,* at 879. Since the physical disability caused by the back injury was apportioned equally between the employer and the special fund, the additional mental disability, which was solely attributable to the same back injury, had to be apportioned in the same fashion. Apportionment is determined by causation, regardless of the nature of the disability. KRS 342.120(6). Since both the physical and the mental components of Lanham's disability were traceable to the same cause, *i.e.,* the injury which aroused a pre-existing dormant back condition, the apportionment of each component had to be the same as the other.

In *Heartland Health Care Center v. Maupin,* the claimant also sustained a work-related injury to her back which resulted in disability having both physical and mental components. However, Maupin had both a pre-existing dormant physical condition and a pre-existing dormant mental condition, both of which were aroused into disabling reality by her injury and contributed to her overall disability. The injury in *Maupin* occurred after the enactment of KRS 342.1202, which provides as follows:

> An award for income benefits for permanent total or permanent partial disability under this chapter based, in whole or in part, on a pre-existing disease or pre-existing condition of the back, or of the heart shall be apportioned, by the administrative law judge, fifty percent (50%) to the employer and fifty percent (50%) to the special fund. Apportionment required by this section shall not be a cause of appeal.

Since Maupin's overall disability was caused "in part" by a pre-existing condition of the back, KRS 342.1202 applied and equal apportionment was required.

In *Whittaker v. Huff,* an injury to the claimant's leg aroused a pre-existing dormant mental condition into disabling reality. Since the physical injury was to Huff's leg, not her back, KRS 342.1202 did not apply. And since the injury to her leg would have caused no disability absent the existence of the previously dormant mental condition, KRS 342.120(6) applied and the entire award was apportioned against the special fund. *Accuride Corp. v. Donahoo,* Ky., 865 S.W.2d 652 (1993). The special fund raised the same argument in *Whittaker v. Huff* that it raises here, *viz:* that per *Fischer Packing Co. v. Lanham,* the apportionment of a mental disability must follow the apportionment of the underlying physical disability; and since there was no apportionment of the physical disability, the employer is liable for the entire award.

We reiterate that there was no separate apportionment of the mental disability in *Fischer Packing Co. v. Lanham* because there was no evidence that Lanham's mental disability was caused by the arousal of a pre-existing dormant, mental condition into disabling reality. Thus, KRS 342.120 did not apply. Here, there is such evidence. Thus, KRS 342.120 does apply and the ALJ should have joined the special fund as a party to these proceedings.

Accordingly, the decisions of the Workers' Compensation Board and the Court of Appeals are affirmed and this action is remanded to the ALJ with directions to join the special fund as a party defendant and to decide this case in accordance with the provisions of KRS 342.120.

All concur.