Naomi RAMSEY, Appellant

v.

SAYRE CHRISTIAN VILLAGE NURSING HOME and Hon. Grant S. Roark, Administrative Law Judge, Appellees.

No. 2007–SC–000052–WC.

Supreme Court of Kentucky.

Nov. 21, 2007.

Theresa Gilbert, Ann Forrest Batterton, Denny, Morgan, Rather & Gilbert, Lexington, KY, Counsel for Appellant, Naomi Ramsey.

Derek Patrick O'Bryan, Sheffer Law Firm, LLC, Louisville, KY, Counsel for Appellee, Sayre Christian Village Nursing Home.

## OPINION OF THE COURT

KRS 342.185(1) and KRS 342.270(1) require a claim to be filed within two years after a work-related accident or the termination of voluntary income benefits, whichever occurs last, and require all known causes of action to be joined to the claim or be waived. KRS 342.020(1) entitles a worker to receive reasonable and necessary medical treatment for the effects of a work-related injury.

An Administrative Law Judge (ALJ) dismissed this post-award claim for medical benefits for depression under KRS 342.185(1), KRS 342.270(1), and *Slone v. Jason Coal Co.*, 902 S.W.2d 820 (Ky.1995), reasoning that the claimant knew of the condition but failed to raise it in her initial claim for a back injury. A Workers' Compensation Board majority distinguished *Slone* on the ground that it concerned income benefits and relied on KRS 342.020(1) as a basis to vacate the dismissal. It directed the ALJ to determine on remand whether the back injury caused the depression and whether the prescribed medications were reasonable and necessary treatment for the effects of the back injury. The Court of Appeals reversed, reinstating the dismissal. We affirm for the reasons that follow.

The claimant was born in 1965. She completed the seventh grade and worked as a certified nursing assistant at the defendant-employer's nursing home. On June 4, 1998, she injured her back while placing a patient in a shower chair. She never returned to work.

A subsequent MRI revealed abnormalities at L5–S1. A CT scan was normal, but a myelogram revealed abnormalities at L4–5 that were consistent with a bulging annulus. Dr. Kiefer thought that there was a mild disc bulge at L4–5 but no disc herniation or nerve root encroachment. He recommended a referral to a pain clinic.

It appears from the record that Dr. Owen began treating the claimant for persistent hip and back pain in August 1998. He noted on September 24, 1998, that she was crying, had muscle spasms at L4–5, and continued to experience low back pain that radiated into her right hip despite pain medication. He gave her Prozac liquid as well as a muscle injection for pain. In the months that followed, he continued to prescribe medication for depression and anxiety as well as pain medication.

In November 1998 the claimant filed an application for benefits for the back injury. When deposed on January 13, 1999, she testified that Dr. Owen had prescribed antidepressants recently. She stated that a psychiatrist treated her and prescribed medication for a bout of depression in 1996 but that treatment ceased before her injury. She acknowledged subsequently that she had discontinued it on her own.

On January 14, 1999, Dr. Owen noted that the claimant had lost four pounds and had difficulty sleeping due to persistent pain. In April 1999 he referred her to Dr. Vaughn, who became her treating orthopedic surgeon. Dr. Vaughn diagnosed S1 radiculitis that was secondary to a small disc herniation at L5–S1. He did not think that surgery would help but recommended work restrictions that precluded a return to her previous work. Dr. Owen noted that the claimant's emotional distress was improved on May 3, 1999, but that she returned in tears on May 28th due to severe lower back pain that shot down her leg. In August 1999 he assigned a 10% permanent impairment rating under DRE

category III and various work restrictions. He noted on January 17, 2000, that the claimant had problems with her insurance and that she had run out of Prozac and Elavil and was depressed.

The claimant testified at the hearing that she continued to experience chronic pain and depression and that Dr. Owen treated her for both conditions. She testified that a psychiatrist had treated her previously for depression, during a period when she was lonely, but that the depression had lifted after she found a new partner. She stated that she became depressed again after the injury, when she was "off work, had no money, no income, had a car payment, had a house payment, had kids to feed and I had nothing and it just drove me crazy." She also stated that she could not work; that she slept most of the day due to depression; that she continued to take Prozac and Elavil; that Dr. Owen had doubled her dose of Prozac that morning; and that Dr. Owen had substituted a cheaper pain medication because she paid for it herself. Asked on cross-examination whether she had seen a psychiatrist for her current depression, she stated that she had not.

Although the claimant's evidence indicated that the back injury caused a new bout of depression and despite the fact that both conditions formed the basis for her 1999 social security disability award, she failed to move to amend her workers' compensation claim in order to include a claim for depression. On May 19, 2000, an ALJ awarded income benefits based on a 10% permanent impairment rating to the back and ordered the employer to pay for medical, surgical, and hospital treatment required at the time of injury and thereafter during disability. The opinion and order does not mention the considerable lay and medical evidence regarding depression and was not appealed.

The claimant's back condition deteriorated after the award. Dr. Vaughn recommended a lumbar discogram to determine whether to recommend fusion surgery, and the test became the subject of a medical fee dispute. On July 19, 2002, the claimant filed a motion to reopen for an increase in disability, which was granted. She also sought payment of her psychotropic medications. In an interlocutory order, an ALJ found the discogram to be reasonable and necessary and found that chronic pain and an inability to work had compounded any depression that the claimant might have had previously. The ALJ ordered the employer to pay for the discogram and any other reasonable and necessary medical treatment, including medication for depression, and placed the reopening in abeyance. The employer's petition for reconsideration argued that KRS 342.270 barred the present claim for psychotropic medication. It was overruled.

Based on the results of the discogram, Dr. Vaughn recommended and performed fusion surgery. After the claimant reached maximum medical improvement, the ALJ considered the merits of the reopening and found that her permanent impairment rating from the back injury had increased. Addressing the compensability of her psychological condition, the ALJ noted that she received social security benefits at the time of the initial award and that they were based, in part, on the depression that resulted from the injury. Because she failed to allege depression in her workers' compensation claim, the ALJ concluded that KRS 342.185(1), KRS 342.270(1), and *Slone v. Jason Coal Co.,* *supra,* barred her present claim for psychological symptoms.

The claimant argues that KRS 342.020(1) entitles her to reasonable and necessary medical treatment for the effects of her injury, among which was de-

pression; therefore, KRS 342.185(1), KRS 342.270(1), and *Slone v. Jason Coal Co., supra,* are inapplicable. We disagree under the present circumstances.

As the claimant emphasizes, KRS 342.020(1) entitles a worker to reasonable and necessary medical treatment for the effects of a work-related injury. In the initial proceeding, she testified to experiencing a new bout of depression due to the back injury, and medical reports indicated that Dr. Owen treated her for depression as well as for pain from the back injury. Yet, although she raised depression due to the injury as a basis for her social security disability claim, she failed to do so in her workers' compensation claim. The opinion and award referred only to the back injury and chronic pain. It made no reference whatsoever to the lay and medical evidence of depression or to treatment for depression due to chronic pain. Thus, this is not a case in which it could reasonably be inferred that the ALJ intended for the award of medical benefits to include treatment for depression.

KRS 342.270(1) codifies the decision in *Slone v. Jason Coal Co., supra.* It requires a claim to be filed within two years of the date of accident and requires all known causes of action to be joined to the claim or waived. It is obvious that the claimant knew of her depression during the initial proceeding. Because she failed to assert that she was entitled to medical benefits for the condition until more than two years after the award, the ALJ did not err in dismissing that portion of her claim at reopening.

The decision of the Court of Appeals is affirmed.

ABRAMSON, CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

LAMBERT, C.J., dissents by separate opinion.

Dissenting Opinion by Chief Justice LAMBERT.

Like the Workers' Compensation Board's majority, I am convinced that *Slone v. Jason Coal Co.,* 902 S.W.2d 820 (Ky.1995), has no application when the initial decision provides an award of medical benefits and only medical benefits are sought at reopening. Therefore, I would reverse.

Depression from chronic pain is a frequent and foreseeable consequence of a back injury. The claimant was awarded medical benefits for a work-related back injury and sought compensation for medication for depression at reopening. The record contained substantial evidence to permit findings that her depression resulted from chronic pain due to her back injury and that reasonable and necessary treatment for the effects of her injury included medication for depression. Therefore, I would remand the claim to the ALJ to determine from the conflicting evidence whether the depression the claimant experienced at reopening was an effect of her back injury and whether the prescribed medications were reasonable and necessary treatment for the condition.