**Wetzel MIRACLE, Appellant,**

v.

**Bill RIGGS, Custodian of the Special Fund; George S. Schuhmann, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 95–CA–0656–WC.**

Court of Appeals of Kentucky.

March 15, 1996.

---

John E. Anderson, Barbourville, for Appellant.

Joel Zakem, Louisville, for Special Fund.

Before GUDGEL, HOWERTON and KNOPF, JJ.

HOWERTON, Judge.

Wetzel Miracle petitions for review of an opinion of the Workers' Compensation Board (Board) rendered February 13, 1995, reversing and remanding the Administrative Law Judge's (ALJ) decision, in which he directed the Special Fund to pay income benefits in accordance with *Newberg v. Chumley,* Ky.,

824 S.W.2d 413 (1992). The Board concluded that KRS 342.120(8), as amended on April 4, 1995, applied retroactively to all claims pending on that date, thus payment by the Special Fund was to be made in accordance with the amended provisions. We agree and affirm.

Miracle was exposed to coal dust for 19 years, with his last date of exposure being July 17, 1992. Subsequent to filing a timely workers' compensation claim, Miracle entered into a unilateral settlement with his employer, Cyprus Mountain Coal Company, in which Cyprus agreed to pay Miracle $15,-000 in a lump sum. The ALJ approved the settlement in an order dated June 28, 1994. Miracle specifically reserved his right to proceed against the Special Fund.

In his opinion and award of August 2, 1994, the ALJ found that Miracle suffered from pneumoconiosis and concluded that he was totally occupationally disabled as a result of the disease. The parties had previously stipulated that any award of income benefits should be apportioned 25% to the employer and 75% to the Special Fund. Since Cyprus had previously settled with Miracle, the ALJ ordered that Miracle "will recover from the Special Fund the sum of $380 per week from and after June 28, 1994, for a period of 26.49 years (three-fourths of the Plaintiff's life expectancy as of the time of the disability)." The Special Fund appealed.

On appeal, the Board concluded that the ALJ erred in directing income benefits to be paid in accordance with *Newberg, supra.* The Board remanded the ALJ's decision for the issuance of an award in conformity with the payment method provided in KRS 342.120(8), as amended.

Miracle argues that the amendment was not remedial in nature and should not have been applied retroactively to his claim, which arose prior to the date of the amendment. Prior to the 1994 amendment, *Newberg* was the controlling precedent as to the Special Fund's payment of income benefits. In *Newberg,* our Supreme Court interpreted KRS 342.120(6) and (7) and concluded that the Special Fund is responsible for payment of 100% of the benefits from the date of settlement between the claimant and employ-

er for 75% percent of his life expectancy, at which point the benefits would cease for the remaining 25% of the claimant's life expectancy. In the event the claimant outlived his life expectancy, the Special Fund would resume paying at an amount equivalent to 75% of the total award. We agree with the Board's conclusion that KRS 342.120(8), as amended on April 4, 1994, was intended to apply to all cases *pending* at that time and thus the payment method set forth in *Newberg* is no longer controlling.

KRS 342.120(8) provides:

In making the computation for the apportionment of benefits under this section, the administrative law judge shall determine the amount of the employee's weekly income benefits and apportion the award commencing with the employer and special fund as follows:

. . . .

(b) In instances where the employer has settled its liability for income benefits and thereafter a determination has been made of the special fund's liability, the special fund portion of the benefit rate shall be paid over the maximum period provided for by statute for that disability, unless otherwise agreed by all parties.

■ The statutory mandate of KRS 446.080(3) is that "no statute shall be construed to be retroactive, unless expressly so declared." Since House Bill 928 did not expressly identify this section as being retroactive, we agree with the Board that the issue becomes whether the amendment provides a remedial versus a substantive change. When a statute is purely remedial or procedural and does not violate a vested right, but operates to further a remedy or confirm a right, it does not come within the legal concept of retrospective law nor the general rule against the retrospective operation of statutes. *Peabody Coal Co. v. Gossett*, Ky., 819 S.W.2d 33 (1991); *See also Thornsbury v. Aero Energy*, Ky., 908 S.W.2d 109 (1995); *Bowling v. Special Fund*, Ky., 878 S.W.2d 22 (1994).

Miracle contends that applying this provision to his claim which arose prior to April 4, 1994, constitutes an impairment of a vested right. In rejecting this contention, the Board wrote:

We believe that Miracle in this claim had a vested right based upon the date of his injury and a potential recovery from the [Special Fund]. Since this was an unliquidated claim, he did not have a "vested right" in either the amount of weekly benefits nor in the total amount of the award. The real rub and the ultimate failing point of Miracle's position in our opinion is that unlike *Beth–Elkhorn Corporation vs. Thomas*, Ky., 404 SW2d 16 (1966) the total amount to be paid to Miracle has not changed. This "method of payment" addressed in KRS 342.120(8) is in our opinion purely procedural/remedial. . . . Miracle's right to any method of payment did not exist until the award was entered which would thus become the controlling date of the method of payment rather than the date of injury.

We must agree that KRS 342.120 is procedural and operates to effectuate a remedy. This is further reflected by the emergency provision in House Bill 928, which provided that the legislation was enacted to remedy the financial crisis experienced by the Special Fund as the result of numerous workers' compensation claims and its impact on the resources of the Special Fund and the required assessment on employers to pay unfunded liability.

KRS 342.120(8)(b) only serves to extend the time frame in which the Special Fund is required to pay benefits and not the amount that Miracle will receive. Our conclusion that KRS 342.120 should be applied to any claim pending at the time of the April 4, 1994, amendment is precisely in accordance with the emergency provision.

The opinion of the Board is affirmed.

All concur.