**Larry DUTY, Appellant,**

v.

**DOUBLE EAGLE COMPANY; Special Fund; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees,**

and

**Robert E. SPURLIN, Director of Special Fund, Successor to William O. Windchy, Appellant,**

v.

**Larry DUTY; Double Eagle Company; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

Nos. 96–SC–288–WC, 96–SC–312–WC.

Supreme Court of Kentucky.

Feb. 27, 1997.

Jonathan Stanley, Wilson & Stanley, Lexington, for Larry Duty.

David Randall Allen, Labor Cabinet, Special Fund, Louisville, for Robert Spurlin.

Stanley S. Dawson, Thomas L. Ferreri, Lexington, for appellee Double Eagle Co.

## OPINION OF THE COURT

This appeal concerns the date upon which the Special Fund must commence payment of its share of a workers' compensation award where the worker and the employer have reached a pre-award, lump-sum settlement. It also concerns the rate at which the Special Fund must pay its share of the award.

On April 5, 1993, claimant suffered a heart attack which he alleged was caused by work. Subsequently, he filed a workers' compensation claim and also filed a claim based upon an allegation of coal workers' pneumoconiosis. Prior to the prehearing conference, claimant and the employer agreed to settle the heart attack claim for a lump sum of $18,000. Claimant reserved his right to proceed against the Special Fund on the heart attack claim and his right to proceed against both the employer and the Special Fund on the pneumoconiosis claim. The agreement was approved by an Administrative Law Judge (ALJ) on November 12, 1993. This appeal concerns only the heart attack claim.

In an award entered on November 29, 1994, the ALJ determined that claimant had sustained a 50% occupational disability due to the heart attack and apportioned half of the award to the Special Fund. Consistent with the decisions in *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989), and *Newberg v. Chumley*, Ky., 824 S.W.2d 413 (1992), the Special Fund was ordered to begin payment of a benefit for 50% occupational disability as of the date of the settlement between claimant and the employer, with payment continuing for a period of 212.5 weeks.

Claimant and the Special Fund both petitioned for reconsideration. Claimant asserted that the evidence compelled a finding of total occupational disability. Whereas, the Special Fund asserted that the ALJ had erred in failing to comply with KRS 342.120(8)(b), as amended effective April 4, 1994, which required payment of the award over a period of 425 weeks from the date of settlement. Both petitions were denied.

The Workers' Compensation Board (Board) rejected claimant's assertion that an award of total disability was compelled. The Board agreed with the Special Fund that KRS 342.120(8)(b) was remedial legislation which applied to the claim and that the Special Fund's payment period should extend for the maximum statutory period for the disability. However, the Board construed KRS 342.120(8)(b) as requiring payment for a period of 425 weeks from the date of the injury rather than from the date of settlement. The Court of Appeals affirmed the Board, and these appeals by claimant and the Special Fund ensued.

In *Palmore v. Helton*, this Court determined that, since the 1982 amendment to KRS 342.120(4) and (5) had made both the employer and the Special Fund directly liable for the payment of benefits, the employer and the Special Fund were in the position of co-defendants in workers' compensation cases. Therefore, an injured worker was permitted to reach a pre-award settlement with the employer but to litigate the liability of the Special Fund. In that case, the Court observed that the employer's liability had been extinguished by payment of the agreed-upon sum. Therefore, by operation of KRS 342.120(4) and (5), the Special Fund's obligation to pay its share of the award commenced immediately thereafter.

Subsequently, in *Newberg v. Chumley*, which involved a lifetime award, the employer and worker had reached a pre-award settlement. The effect of KRS 342.120 on the amount and duration of the Special Fund's payments were at issue. The Court observed that KRS 342.120 controls the distribution of benefits but not the total amount of benefits payable. Hence, a pre-award settlement between the worker and employer could not alter the dollar amount of the Special Fund's liability. The Court also observed that the payment scheme set forth in KRS 342.120 was based upon payment of the entire weekly benefit, first, by the employer, then, by the Special Fund. Therefore, the Court determined that in instances where the employer's liability was extinguished by payment of the agreed-upon sum, KRS 342.120 and *Helton* required that the number of weeks comprising the Special Fund's payment period should be shifted forward to the date upon which the employer's liability was extinguished. If the worker outlived his life

expectancy, the Special Fund would then be liable for benefits for the balance of his life.

As amended pursuant to House Bill 928, effective April 4, 1994, KRS 342.120(8)(b) provided:

> (b) In instances where the employer has settled its liability for income benefits and thereafter a determination has been made of the special fund's liability, the special fund portion of the benefit rate shall be paid over the maximum period provided for by statute for that disability, unless otherwise agreed by all parties.

On December 12, 1996, while this appeal was pending, the legislature enacted House Bill 1, which contained an emergency declaration and which became effective immediately. Section 3 of House Bill 1 again amended KRS 342.120, omitting subsections (2) through (8)(a), and providing, in pertinent part, as follows:

> (3) Where the employer has settled its liability for income benefits and thereafter a determination has been made of the special fund's liability, the special fund portion of the benefit rate shall be paid over the maximum period provided for by statute for that disability, with the period of payment beginning on the date settlement was approved by an administrative law judge or arbitrator. This provision is remedial and shall apply to all pending and future claims.

The decisions of the Board and the Court of Appeals in the instant case are based upon a construction of the 1994 amendment to KRS 342.120 as legislatively overruling *Helton* concerning the date upon which the Special Fund's payment period is to commence and overruling *Chumley* concerning the duration of the Special Fund's payment period. The Special Fund asserts that the sequential payment provision of KRS 342.120(6) and (7) [formerly KRS 342.120(4) and (5)], which underpinned the decision in *Helton*, was not altered in 1994 and that the amendment and *Helton* may logically be read in harmony. Furthermore, a construction of the 1994 amendment as overruling only the payment scheme set forth in *Chumley* is more consistent with the remedial purpose of the amendment and the stated purpose of House Bill

928, which was to address "the projected unfunded liability of the Special Fund," than the construction advanced by the Board and the Court of Appeals. In sum, the Special Fund argues that KRS 342.120(8)(b) did not alter the longstanding rule of both KRS 342.120 and *Helton* that Special Fund payments do not begin until the employer's liability is extinguished.

In its supplemental argument concerning the effect of the 1996 amendment, the Special Fund argues that since this appeal was pending on the effective date of the 1996 amendment, the 1996 amendment applies to this case and is controlling. The Special Fund also argues that, in the least, the manner of payment directed by the 1996 amendment to KRS 342.120 clarifies the legislative intent behind the 1994 amendment.

Claimant asserts that his claim arose before the effective date of the 1994 amendment to KRS 342.120 and that to apply the amendment to this claim would impair his vested right to be compensated by the Special Fund over a period of 212.5 weeks from the date of settlement with the employer, consistent with the pre–1994 version of KRS 342.120 and the decision in *Chumley*. He does not offer an alternative argument supporting the construction of the 1994 amendment which was adopted by the Board and the Court of Appeals. Furthermore, he does not respond to the Special Fund's assertion that the 1996 amendment is controlling.

The issue of whether KRS 342.120(8)(b), the 1994 amendment to KRS 342.120, was remedial legislation which may be applied to claims which arose before its effective date has been addressed by the Court of Appeals in *Miracle v. Riggs*, Ky. App., 918 S.W.2d 745 (1996). As in the instant case, the Court determined that KRS 342.120(8)(b) was procedural in nature and operated to effectuate a remedy, a conclusion it believed was further reflected by the emergency provision of House Bill 928. Since KRS 342.120(8)(b) operated only to extend the Special Fund's payment period and did not affect the amount which the worker would receive, the Court determined that the amendment did not deprive the worker of a vested right. Hence, the Court concluded that the amendment should be applied to any claim pending on April 4, 1994. We agree.

The opinion in *Miracle v. Riggs* offers no guidance concerning the date upon which the Special Fund must commence payment under KRS 342.120(8)(b). However, we are persuaded that the construction of KRS 342.120(8)(b) offered by the Special Fund is more consistent with the stated purpose of House Bill 928 and with the fact that the sequential payment scheme of KRS 342.120(6) and (7) was not altered in 1994. The stated purpose of House Bill 928 was to address the Special Fund's unfunded liability, a purpose which would be furthered by reducing the present cash demands on the Fund. Therefore, we are convinced that the intent of KRS 342.120(8)(b) was to overrule *Chumley* to the extent that *Chumley* had required the Special Fund to pay the entire award for its proportionate number of weeks. In view of this, we believe that the 1996 amendment to KRS 342.120, which expressly provides that the Special Fund is to begin payment upon approval of a settlement between the worker and employer and to pay its apportioned share of the award over the maximum statutory period for the disability, constitutes a clarification of that intent rather than a change in policy. Furthermore, since the 1996 amendment expressly states that it is remedial and that it applies to all claims pending on its effective date and since we have been presented with no argument that it does not apply to this claim, we further conclude that it controls the outcome of this appeal.

We have considered claimant's argument that the evidence compelled a finding of total disability due to the heart attack. However, we are not persuaded that the Board and the Court of Appeals committed an error in assessing the evidence or in affirming the ALJ's finding.

Accordingly, the decision of the Court of Appeals is hereby affirmed, in part, and reversed, in part, and the case is hereby remanded to the ALJ for further proceedings that are consistent with this opinion.

All concur.