Bobby Rex COOTS, Appellant,

v.

Robert L. WHITTAKER, Acting Director of the Special Fund; Richard H. Campbell, Jr.; Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 98–SC–1038–WC.

Supreme Court of Kentucky.

Aug. 26, 1999.

Edmond Collett, P.S.C., Hyden, for Appellant.

David R. Allen, Labor Cabinet—Special Fund, Louisville, for Appellee Whittaker.

This workers' compensation appeal involves claims against the Special Fund for an occupational injury and coal workers' pneumoconiosis under the April 4, 1994, version of the Act. Both claims were settled between the worker and the employer, with the question of the Special Fund's liability proceeding to litigation. The settlement agreement provided that claimant

would receive a lump sum of $50,000.00 and was approved on July 12, 1996. The claims against the Special Fund were consolidated. With regard to the claim for coal workers' pneumoconiosis, claimant was awarded a total disability for which the Special Fund was 75% liable. With regard to the injury claim, he was awarded a 70% permanent, partial disability for 520 weeks for which the Special Fund was 50% liable. This appeal concerns the amount of benefits the Special Fund must pay during the 520–week period that the two awards overlap.

It is undisputed that the applicable maximum benefit for total disability is $415.94, 75% of which is $311.96. The benefit for a 70% permanent, partial disability is $218.37, 50% of which is $109.19. Initially, the Administrative Law Judge (ALJ) ordered the Special Fund to pay $311.96 per week for life; however, in overruling the Special Fund's petition for reconsideration, the ALJ amended the combined award. As amended, the award required the Special Fund to pay both awards during the 520 weeks that they overlapped up to a maximum combined weekly benefit of $415.94, with payments pursuant to the injury award being credited against the award for pneumoconiosis pursuant to *Estep Coal Co. v. Ward*, Ky., 421 S.W.2d 367 (1967). After expiration of the 520 weeks of overlapping benefits for injury and disease, the Special Fund was ordered to pay its apportioned share of occupational disease benefits ($311.96 per week) until benefits were "tiered down" at age 65.

The Special Fund appealed, asserting that the ALJ had failed to give proper credit for the employer's share of the combined award. Affirming, in part, and reversing, in part, the Workers' Compensation Board (Board) construed the award as requiring the Special Fund to pay combined benefits of $109.19 for injury and $311 .96 for occupational disease, the total of which exceeded the weekly maximum of $415.94 by $5.21. Applying *Estep Coal Co. v. Ward*, the Board, therefore, reduced the effective amount of the weekly occupational disease benefit by $5.21, from $311.96 to $306.75. The Board also determined that the Special Fund should receive a $32.05 per week credit against the occupational disease award for the lump sum which the employer had paid.

Again, the Special Fund appealed. The Court of Appeals affirmed with regard to the determination that the Special Fund's 50% liability for the injury award was $109.19 per week and the determination that the maximum combined benefit for injury and disease could not exceed $415.94. The Court of Appeals reversed with regard to the manner in which the Board had taken the lump sum settlement with the employer into account when computing the effective weekly amount of the occupational disease award during the 520–week period that the two awards overlapped. In doing so, the court gave effect to the fact that payment of the lump sum pursuant to the settlement had entirely discharged the employer's share of the combined liability. See *Newberg v. Chumley*, Ky., 824 S.W.2d 413 (1992). The court then applied the ALJ's findings concerning the defendants' liability on each award to the method for combining awards for a partially disabling injury and totally disabling occupational disease, as set forth in *Beale v. Shepherd*, Ky., 809 S.W.2d 845 (1991). The court concluded that the weekly liability of the Special Fund for the occupational disease award during the 520–week period at issue was $148.18. This produced a combined Special Fund liability for the two awards of $257.37 during the 520 overlapping weeks. Claimant appeals.

Claimant asserts that because KRS 342.120(8) provides that the Special Fund must commence payment upon approval of the settlement, with the Special Fund paying over the "maximum statutory period," he is entitled to receive the benefits authorized by both awards up to a maximum of $415.94. We observe, however, that this argument fails to take the following con-

siderations into account: 1.) the fact that, when added together, the awards for injury and disease total 170% disability, 2.) the fact that claimant could be no more than 100% disabled and, therefore, is entitled to a combined award of no more than 100% disability, 3.) the fact that part of his 100% disability was compensated by the lump sum which the employer paid, and 4.) The fact that liability for the two conditions was apportioned differently.

 As noted by the Court of Appeals, *Beale v. Shepherd* set forth a formula for combining concurrent awards of 100% disability for occupational disease and partial disability due to injury. Contrary to claimant's argument, KRS 342.120 controls only the distribution of income benefits; it does not control the amount of benefits which the worker is entitled to receive. See *Duty v. Double Eagle Co.*, Ky., 939 S.W.2d 874 (1997). In instances where the worker and employer reach an agreement to settle a claim, KRS 342.120(8) provides that the Special Fund must begin payment on both awards as of the date the settlement is approved and that it must pay its share of weekly benefits over the full statutory period. KRS 342.120(8) is not authority for how to combine awards, the total of which exceeds 100%.

 Regardless of the figure for which the claims were settled, payment of the agreed-upon sum extinguished the employer's liability on each award. See *Newberg v. Chumley*. Here, the ALJ determined that the employer's liability for the injury award was 50% and that the employer's liability for the occupational disease award was 25%. The method which was employed by the Court of Appeals in combining the two awards properly took into account the principle that a worker may not be more than totally disabled, the principle that awards for injury take precedence over those for occupational disease, and the fact that the lump sum which the employer paid fully compensated claimant for its apportioned share of the combined benefits for injury and for occupational disease.

Computation of the Special Fund's share of the combined benefits for each of the 520 weeks that the two awards overlap may be summarized as follows:

I. Compute the effective amount of the weekly occupational disease benefit as follows:

| | |
|---|---|
| Maximum weekly benefit for 100% disability | $415.94 |
| LESS: weekly injury benefit | −218.37 |
| Effective weekly occupational disease benefit | $197.57 |

II. Compute the Special Fund's liability for each weekly benefit.

| | | |
|---|---|---|
| Injury: | 50% of $218.37 = | $109.19 |
| Disease: | 75% of $197.57 = | $148.18 |

III. The sum of its liabilities for the two benefits equals the Special Fund's combined weekly liability.

| | |
|---|---|
| 50% of injury benefit | $109.19 |
| 75% of effective occupational disease benefit | +148.18 |
| TOTAL | $257.37 |

To summarize, the Special Fund is liable for combined benefits of $257.37 *during* the 520–week period that the awards overlap. After expiration of the 520–week period, the Special Fund is liable for a weekly occupational disease benefit of $311.96, its 75% share of the maximum benefit for total disability. As with the employer's share of the benefit for injury, the employer's 25% share of the benefit for occupational disease was discharged by payment of the lump sum.

The decision of the Court of Appeals is affirmed.

All concur.