**246**

**CENTRAL CITY, Appellant,**

v.

**Arthur ANDERSON et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1975.

Bartlett, McCarroll & Nunley, Owensboro, for appellant.

Leland Monhollon, Madisonville, for appellee, Anderson.

Earl M. Cornett, Gen. Counsel, Dept. of Labor, James F. Kemp, Asst. Counsel, Dept. of Labor, Frankfort, for appellee, Special Fund.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Muhlenberg Circuit Court affirming an opinion and award of the Workmen's Compensation Board reopening the case of the appellee, Anderson, and increasing his compensation from thirty-five per cent permanent partial disability to total permanent disability. We reverse and remand.

On December 19, 1969 Anderson filed his application for adjustment of claim with the Board. He alleged total permanent disability based on low back sprain and lumbosacral disc injury. He was fifty-seven years of age, weighed two hundred thirty-five pounds and stood over six feet in height. He was overweight and had a "bay window". His education was limited and for all practical purposes he was illiterate. He was by occupation a garbage collector for the appellant.

The medical depositions taken in support of his claim disclosed lumbosacral sprain, a narrow lumbosacral joint with hypertrophic spurring, possible lumbosacral disc injury and that his condition was permanent and static. These depositions stated that he was totally disabled as a garbage collector, could do no heavy lifting, bending or stooping and concluded that he was forty per cent permanently disabled for other forms of work not requiring heavy lifting.

A physician appointed to examine for the Board reported that he had a thirty-five per cent permanent disability to the body as a whole.

Before submission and decision of the case and while appellee, Anderson, was

represented by competent and experienced counsel, he entered into an agreement as to compensation with the appellant settling his case on the basis of a thirty-five per cent permanent partial disability to the body as a whole, payable in a lump sum. This agreement was approved by the Board on August 17, 1970.

On July 28, 1972 appellee, Anderson, filed his motion with the Board asking that his case be reopened because of recurrence and worsening of prior condition, pursuant to KRS 342.125. The Board referred the case to a hearing officer to take proof on all issues raised by the motion. Anderson then was fifty-nine or sixty years of age, weighed two hundred thirty-five to two hundred forty pounds and stood over six feet in height. He was grossly obese, overweight and had a "bay window". His educational and literacy level had not increased. He had not worked since the settlement but had looked for employment without success.

The medical depositions taken in support of his motion disclosed chronic lumbosacral strain, arthritis, degenerative disc injury with possible impingement on the left sciatic nerve, loss of lumbar lordosis and that there would be no future improvement of his condition. These depositions stated that he was totally and permanently disabled from performing any manual labor involving prolonged sitting, stooping, lifting or bending and concluded that he was a "tired horse" fit only for light duty.

It was on this state of the record that the Board found that there had been a change of condition, reopened the case and increased the award.

■ Workmen's compensation is awarded for *occupational* disability. Mitsch v. Stauffer Chemical Co., Ky., 487 S.W.2d 938. There is not so much as an ectoplasmic vapor of evidence to indicate that the appellee, Anderson, is any more of a dreg on the employment market now than he was at the time of the settlement.

Swift & Co. v. Blades, Ky., 502 S.W.2d 513, is inapposite since appellee, Anderson, was represented by counsel at the time of the settlement, was not advised by his physicians that he would be able to resume his regular duties and has not suffered a reduction in work potential.

■ The *functional* disability of the appellee, Anderson, is substantially the same now as it was at the time of settlement. There is no probative evidence to support a finding of change of condition.

■ In the last analysis his position is no more than, at the time of settlement he was worse off than he conceded himself to be. The settlement agreement is conclusive of the rights of the parties. Young v. Charles F. Trivette Coal Co., Ky., 459 S.W.2d 776.

The judgment is reversed and the cause is remanded with instructions to enter judgment reversing the award of the Workmen's Compensation Board.

All concur except Sternberg, J., who dissents.