**GRO–GREEN CHEMICAL COMPANY, Appellant,**

v.

**David Lee ALLEN; John Calhoun Wells, Secretary, Labor Cabinet (Special Fund); and Workers' Compensation Board, Appellees.**

No. 86–CA–1848–S.

Court of Appeals of Kentucky.

May 29, 1987.

Case Ordered Published by Court of Appeals July 31, 1987.

Rehearing Denied Jan. 8, 1988.

Discretionary Review Denied By Supreme Court March 22, 1988.

William P. Swain, Peter J. Glauber, Louisville, for appellant.

Thomas Todd Davis, Shelbyville, David Randall Allen, Labor Cabinet, Louisville, for appellees.

Before COOPER, DYCHE and LESTER, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court affirming an opinion and award of the Workers' Compensation Board ruling that the appellee had sustained a 100% occupational disability. Such award was made on a motion to reopen. On appeal, the single issue is whether the circuit court erred, as a matter of law, in affirming the award of the Board. Reviewing the record below, we reverse.

Principally, the issue before this Court is whether the circuit court and the Board erred in determining that the appellee, David Lee Allen, had sustained an increase in *occupational* disability from the time of his original injury to the time his motion for reopening was filed with the Board. In April and November of 1979, the appellee sustained two separate back-related injuries while in the employ of the appellant, Gro-Green Chemical Company. Subsequent to this second injury on November 9, 1979, the appellee never returned to work, nor was he ever released by his treating physician to return to work. In April of 1981, Dr. Robert Baker assessed the appellee's functional disability as being 10% to the body as a whole. On July 8, 1981, the appellee underwent low back surgery. On July 21, he reached a settlement agreement with the appellant's insurance carrier and the Special Fund in which his occupational disability was assessed at 26.5%. The settlement agreement resulted in a lump sum payment of $30,045.65 of which the Special Fund contributed $15,000. That settlement agreement was approved by the Board.

On August 18, 1982, the appellee was admitted for hospitalization for a spinal fusion from L–4 through L–5 through S–1. And, in February of 1983, he was hospitalized for additional epidural blocks. Subsequently thereafter, he filed a motion to reopen based on a change of medical condition. This motion was granted by the Board and a hearing was held. At this hearing, only the appellee and Dr. Baker testified. No other proof was taken. Subsequent to this hearing, the Board issued an opinion and award in which it determined that the appellee now had an occupa-

tional disability of 100%. It assessed the liability for such disability equally between the appellant and the Special Fund. It is from this opinion and award that the appellant now appeals.

Although the appellant concedes that the circuit court cannot substitute its judgment for that of the Board as to the weight of the evidence on questions of fact—KRS 342.285(3)—it nevertheless argues that findings of fact of the Board must be based upon substantial evidence of probative value. *Rice v. Conley,* Ky., 414 S.W.2d 138 (1967). Here, it argues that although the treating physician testified the appellee had sustained an increase in functional disability—from 10% to 25%—there was *no* evidence to support a finding that he had sustained an increase in *occupational* disability from the time the settlement agreement was entered into until the time he filed a motion to reopen. Reviewing the record below, we agree.

Under the language of KRS 342.125, the burden of proof is upon the party seeking the reopening. *W.E. Caldwell Co. v. Borders,* 301 Ky. 843, 193 S.W.2d 453 (1946). Here, the appellee had the burden of proving that he not only had sustained an increase in functional disability, but an increase in occupational disability as well. Testifying in his own behalf, the appellee admitted that he had not worked since November of 1979, nor had he applied for work. He further testified that he was unable to engage in the work for which he had been employed by the appellant at the time the settlement agreement was entered into. He stated that his condition then included swelling in his legs, muscle spasms, and difficulty, or even the impossibility, of engaging in any type of lifting. In simple terms, the appellee admitted that at the time he signed the settlement agreement, he "couldn't do any of the jobs that [he] had ever done in the past." Such testimony was not contradicted by the treating physician, Dr. Baker. Although Dr. Baker stated that the appellee had sustained an increase in functional disability, he nevertheless emphasized that he was speaking *solely* in terms of functional disability and not in terms of occupational

disability. He testified that he had never released the appellee to return to work and the appellee had never been symptom free from the time of the original work-related injuries of 1979.

In the June 17, 1985 opinion and award, the Board, in ruling that the appellee had sustained his burden of proof and non-persuasion, stated as follows:

> We believe that the Plaintiff is entitled to an award for permanent occupational disability. In this instance we are inclined to accept the testimony of Dr. Baker, and that the Plaintiff has a 100% occupational disability.

From a review of Dr. Baker's testimony, it is obvious to this Court that the Board simply misread it. Dr. Baker unequivocally stated that the appellee's increase in functional disability—from 10% to 25%—was strictly an increase involving functional or anatomical disability and not occupational disability. Again, he stated that he had neither released the appellee to return to work nor had he ever been symptom free. Consequently, although the appellee has sustained an increase in functional disability, there is no evidence to support a finding that he was any more occupationally disabled in 1984 than he was in 1979. As stated by the Court in *Central City v. Anderson,* Ky., 521 S.W.2d 246 (1975):

> Workmen's compensation is awarded for *occupational* disability.... There is not so much as an ectoplasmic vapor of evidence to indicate that the appellee, Anderson, is any more of a dreg on the employment market now than he was at the time of the settlement.

*Id.* at 247 (citations omitted).

Given the lack of any substantial evidence to support a finding that the appellee has sustained an increase in occupational disability, the judgment of the circuit court affirming the award of the Workers' Compensation Board must be reversed.

The judgment of the circuit court is reversed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal,

the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

ALL concur.