PEABODY COAL COMPANY,
Appellant,

v.

Kenneth GOSSETT and Workers'
Compensation Board,
Appellees.

No. 90–SC–955–WC.

Supreme Court of Kentucky.

Nov. 21, 1991.

William P. Swain, Peter J. Glauber, Louisville, for appellant.

Thomas M. Rhoads, Rhoads & Rhoads, Madisonville, for appellees.

SPAIN, Justice.

This workers' compensation case involves the application of KRS 342.125, the reopening statute. Prior to 1987, the statute permitted reopening an award upon a showing of change of "condition." The 1987 amendment permits reopening upon a showing of change of "occupational disability." This opinion addresses the impact of this legislative amendment upon the standard for reopening a workers' compensation award.

In this case, claimant alleges that his unsuccessful attempts at reemployment following his layoff from work were due to his original injury although his physical condition had not worsened. He maintains that pursuant to the amended version of KRS 342.125, he presented a prima facie showing of a change in occupational disability sufficient to justify the reopening of his award.

Claimant was originally awarded compensation benefits in 1981, as the result of a work-related eye injury. The Old Workers' Compensation Board opinion noted that claimant returned to his prior occupational classification some five months after the injury. Dr. Pate, claimant's treating physician, found a 100% impairment of useful vision in claimant's right eye, which translated to a 24% impairment to the body as a whole. Dr. Dill, a psychologist and vocational counselor, testified that it would be extremely difficult for claimant to obtain employment in the coal mining industry. The Board found that claimant suffered an occupational disability of 35%.

In February of 1988, following his layoff on July 23, 1984, claimant filed a motion to reopen on the grounds that he had sustained additional occupational disability over and above that for which he was compensated. In support of his motion, claimant attached his own affidavit stating that during the last two-year period since his layoff, he had unsuccessfully sought to obtain other employment with at least 18 coal mines; that at least half of the applications required information regarding previous injuries; that throughout the period of time that he was applying for a job with the 18 mines, at least 11 were hiring employees; and that of those applicants hired, many were inexperienced as compared to his 13 years employment with Peabody Coal. Claimant concludes that he has been unsuccessful in obtaining employment as an effect of the loss of his vision, and therefore his occupational disability has increased since the time of the award.

In denying the motion to reopen, the Old Board found that claimant's motion and affidavit did not contain medical reports of any physician to substantiate the claim that he suffered an increase in functional or occupational disability due to his eye injury; therefore, he had failed to make the prima facie showing necessary for a reopening.

The claimant appealed to the New Board which reversed the dismissal by the Old Board. The New Board stated that the amendment to KRS 342.125 was an effort by legislative action to repeal the effect of *Continental Air Filter Company v. Blair*, Ky., 681 S.W.2d 427 (1984), and that it codified the holdings of *Mitsch v. Stauffer Chemical Company*, Ky., 487 S.W.2d 938 (1972), and *Gro–Green Chemical Company v. Allen*, Ky.App., 746 S.W.2d 69 (1987). Relying upon the occupational disability standard, the New Board held that claimant's motion and affidavit constituted a prima facie showing for reopening and that proof to substantiate his allegations might be made before an Administrative Law Judge.

The employer appealed to the Court of Appeals which affirmed the New Board's reversal. The Court of Appeals noted that it was presented a single issue of first impression: "Did the 1987 amendment to KRS 342.125 eliminate the reopening requirement that the injured worker establish a worsening of physical condition as a prerequisite to showing an increase in occupational disability?" The court also noted that as a collateral issue, it must determine whether, if no worsening of physical condition must be shown, KRS 342.125, as amended, applies to compensation cases which arose prior to the amendment's effective date, October 26, 1987. The court

then concluded in the affirmative as to both issues.

Appellant, the employer, argues on appeal to this Court that in spite of the 1987 amendment, a disabled employee must still show a change in physical condition to justify reopening. Appellant contends that the amendment does not revolutionize the standard, for workers' compensation benefits have always been awarded on the basis of occupational disability. *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). In *Osborne*, the Court interpreted a "change in condition" to mean a change in physical condition in order to show an increase or decrease in occupational disability.

In *Continental Air Filter Company v. Blair*, Ky., 681 S.W.2d 427 (1984), this Court held that a change in economic conditions is not a sufficient ground for reopening an award under the statute as then written. The majority noted that the change-in-physical-condition interpretation was "too well settled to change *in the absence of action by the General Assembly.*" (Emphasis added.) *Id.* at 428.

During the 1987 extraordinary session, the General Assembly took such action and amended the requirement for reopening from a change in "condition" to a change in "occupational disability". Disability for workers' compensation purposes means "a decrease of wage earning capacity due to injury or loss of ability to compete to obtain the kind of work the employe is customarily able to do in the area where he lives, taking into consideration his age, occupation, education, effect upon employe's general health of continuing in the kind of work he is customarily able to do, and impairment or disfigurement." KRS 342.-0011(11). Pursuant to the amended version of KRS 342.125, if the worker can prove that he is now unemployable because of the particular effects of his injury and not from general economic conditions, he has established increased occupational disability.

 Accordingly, an award may now be reopened upon a showing of a change in occupational disability which may be supported by evidence of both physical changes and economic changes, when those economic changes are not brought on by the willful intent of the employee nor by mere changes in economic conditions such as a recession or plant closing. Thus, a change in claimant's ability to get or hold employment, or to maintain his earlier earning level, could logically be considered a change in occupational disability even though claimant's physical condition may have remained unchanged. We stress, however, that the claimant moving for reopening has the burden of showing that the decrease of wage-earning capacity, whether the result of physical deterioration or subsequent unemployability without a physical change, is due to the effects of the injury in order for an award to be increased. Therefore, in the case at bar, claimant must prove that he was frozen out of the labor market· because of the particular effects of his injury and not merely because of general economic circumstances.

The 1987 amendment codifies the holding of a case where the employer moved to reopen the award due to a change of conditions since the employee was able to return to work. *Mitsch v. Stauffer Chemical Company*, Ky., 487 S.W.2d 938 (1972). The Court concluded that the reopening was proper where subsequent events established clearly that claimant's occupational disability had decreased. *See also, Gro–Green Chemical Company v. Allen*, Ky. App., 746 S.W.2d 69 (1988).

*1987 Kentucky Workers' Compensation Law*, by former Senator H. Edward O'Daniel, Jr., contains the 1987 amendments to the Act followed by the author's comment. Regarding the amendment to KRS 342.125, the commentary states, in part:

> The amendment repeals *Blair* to the extent that the case required a change in functional disability or physical condition for reopening. The amendment does not, however, allow reopening for a mere change in economic conditions. To do so would invite a multitude of reopenings during an economic recession or even at the time of a major plant closing.
>
> . . . .

### Precedent for "Occupational Disability" Standard

Occupational disability, and not functional disability, was recognized as the basis for an award of disability benefits in *Cook v. Paducah Recapping Service*, 694 SW(2d) 684 (Ky 1985). Since there must be a finding of occupational disability to support an initial award for benefits, it is logical that the reopening statute should require that there be a change of occupational disability. Failure to consider an employe's occupational disability in reopening "would encourage employers to place a seriously injured employe in a light duty position, and then effect his termination after the occupational disability award becomes final." (Harned & Bachert, *Workers' Compensation*, 74 Ky LJ 491, 515 (1985–86), quoting Justice Liebson's [sic] dissenting opinion in *Continental Air Filter Co. v. Blair*, 681 SW(2d) 427, 429 (Ky 1984). *Id.* § 16, pp. 65–66.

■ The appellant also argues that the 1987 amendment to KRS 342.125 cannot be applied retrospectively. Appellant maintains that the law in effect on the date of the injury is the law that fixes the rights of the employee to compensation. We hold, however, that due to the remedial nature of the statutory amendment, awards made before October 26, 1987, may be reopened on showing of change of occupational disability.

A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or which creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. Therefore, despite the existence of some contrary authority, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of such rights, do not normally come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes.

In this connection it has been said that a remedial statute must be so construed as to make it effect the evident purpose for which it was enacted, so that if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty. 73 Am.Jur.2d *Statutes* § 354 (1974) (Footnotes omitted.)

■ Although KRS 446.080(3) states that, "[n]o statute shall be construed to be retroactive, unless expressly so declared," it can be seen from the above commentary that since the 1987 amendment to KRS 342.125 is remedial, it does not come within the legal conception of a retrospective law nor the general rule against the retrospective operation of statutes. We believe our holding on this issue is consistent with the provision contained in KRS 446.080(1) that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature...."

■ Finally, appellant argues that the claimant's affidavit and application are insufficient to support his motion to reopen under any interpretation of KRS 342.125. We agree that if the motion to reopen is based upon a change in occupational disability directly resulting from a physical deterioration, the movant should attach to the motion the affidavit of a competent medical specialist. Nevertheless, when the motion is based upon grounds other than a physical deterioration, as is the case at hand, the motion should be supported by the claimant's affidavit and any other supporting affidavits. When a claimant seeks an increase in compensation because of a change in occupational disability in a reopening proceeding, he or she must prove by competent evidence that a significant change in occupational disability in fact exists, and that the disability is the result of the injury or disease which was the subject of the original award.

■ We agree with the Workers' Compensation Board and the Court of Appeals

that Mr. Gossett's motion and affidavit constituted a prima facie showing for reopening, by stating his unsuccessful attempts at obtaining employment at 18 different coal companies and by stating which employers had hired less experienced applicants than he, which fact claimant attributed to the total loss of vision in his right eye. The opinion of the Court of Appeals, remanding the case to the Administrative Law Judge to hear evidence on whether claimant has sustained an increase in occupational disability under the Act sufficient to increase his original award, is affirmed.

All concur.