Gary W. TUTTLE, Appellant,

v.

O'NEAL STEEL, INC.; Director of Special Fund; R.L. McDermott, Administrative Law Judge; Richard H. Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–233–WC.

Supreme Court of Kentucky.

Sept. 29, 1994.

Terry E. Fox, Edward A. Mayer, Gilbert Hale Nutt, Louisville, for appellant.

Mary Ross Terry, Judith K. Bartholomew, Brown, Todd & Heyburn, Louisville, for appellee O'Neal Steel, Inc.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for appellee director of special fund.

## OPINION OF THE COURT

After conducting a complete review of the parties' briefs, the record, and the applicable law, we agree with the decision reached by the Court of Appeals and adopt its analysis into the body of this Court's opinion.

"BEFORE: GUDGEL, McDONALD and MILLER, Judges.

"McDONALD JUDGE. This is a workers' compensation case in which Gary W. Tuttle ("Tuttle") has sought review of the decision of the Workers' Compensation Board ("board") affirming the administrative law judges' ("ALJs'") orders overruling Tuttle's motion to reopen his claim and dismissing his appeal.

"The following background facts are essential to an understanding of the procedural and substantive issues involved in this matter. Tuttle was employed by O'Neal Steel, Inc. ("O'Neal Steel") and worked as a crane operator. On October 5, 1989, he injured his back in a work-related accident. Tuttle filed for benefits. On April 10, 1991, he settled his claim with both his employer, O'Neal Steel, and the Special Fund. Under the

terms of the settlement, Tuttle accepted $14,-026.53 in a lump sum, which amount represented a 15% permanent partial disability based on an average weekly wage of $436.80.

"Tuttle had already returned to work for O'Neal Steel, with certain medical restrictions, at the time he settled his claim. Subsequent to his settlement, Tuttle worked for O'Neal Steel until he was discharged on July 2, 1991.

"According to the affidavit he filed in support of his motion to reopen the claim, Tuttle admitted his job as a crane operator for O'Neal Steel was abolished as a result of the machinery becoming automated. Tuttle further avowed that he was transferred to a warehouse position by O'Neal Steel and was terminated after one day due to the medical restrictions which prevented him from performing that job. In addition to his own affidavit, Tuttle submitted a report made by Dr. Julius Gavin whose testimony had also been obtained during the course of the initial proceedings prior to Tuttle's April 10, 1991 settlement. Dr. Gavin examined Tuttle again subsequent to the date of the settlement.

"By order dated February 18, 1992, the ALJ (McDermott) overruled Tuttle's motion to reopen. Tuttle then filed a petition for reconsideration, which was also overruled by the ALJ (Campbell) on April 16, 1992. Tuttle raises the following questions of law.

'I. Whether a motion to reopen should be ruled upon by the same administrative law judge who rendered the initial decision in a workers' compensation case?

'II. Whether the Workers' Compensation Board is bound by the decision of the Supreme Court in *Peabody Coal Company v. Gossett*, Ky., 819 S.W.2d 331 [33] (1991), which held that a claimant need not show a change in physical condition on a motion to reopen?

"With respect to Tuttle's first argument, he contends that the board refused to follow the mandate of KRS 342.125, which he asserts requires that the same ALJ who rendered the decision in a case must be the one to reopen and review his own order in the event a claimant seeks reopening of the matter. In support of this claim, Tuttle directs us to the language in KRS 342.125 which provides in pertinent part:

'Upon its own motion or upon the application of any party and a showing of change of occupational disability, mistake or fraud or newly discovered evidence, *the Administrative Law Judge* may at any time reopen and review any award or order, . . . .' (Emphasis added).

Tuttle argues that because the legislature used the word "the" in referring to the ALJ as opposed to the word "an" in reference to the ALJ, it intended to give such authority specifically and only to the ALJ who entered the original order.

"In Tuttle's case, ALJ May entered the original order. However, ALJs McDermott and Campbell made rulings with respect to his motion to reopen and his petition for reconsideration. Tuttle argues that this was procedurally incorrect, and that McDermott and Campbell were without authority and acted outside their jurisdiction in violation of workers' compensation law. Accordingly, Tuttle requested that the board reverse the decisions of McDermott and Campbell and remand his case to ALJ May or his successor for a decision.

"As admitted by Tuttle, there is no case law construing whether KRS 342.125 mandates that a motion to reopen be directed only to the same ALJ who heard and ruled upon the initial claim.

"Tuttle's argument, while novel, is totally without merit in our opinion. We agree with the board that nothing in the statutes or regulations requires each claim to be decided by one ALJ throughout the life of the claim. As noted by the board, it has previously held that there was not a due-process violation in cases which were decided by ALJs after the evidence and claim had been heard by the former board.

"Having analogized the present situation to that above-referenced, the board concluded the procedure utilized in assigning motions for reopening to ALJs does not violate the law. We agree that no due-process violation occurred. Tuttle's reasoning is not sound and lacks statutory and case support.

There is no reason why the same ALJ who presided over initial proceedings in a claim must be assigned to rule on a subsequent motion to reopen. Any other ALJ is perfectly capable of reviewing the evidence of record, together with the motion, supporting affidavit and any new evidence, in order to make a determination as to whether or not a claimant has established a prima facie showing of a change in occupational disability. We conclude there to be no error in the procedural manner in which motions pursuant to KRS 342.125 are assigned for consideration by the ALJs.

"We next address the substantive issue raised by Tuttle. Tuttle urges reversal because he claims the board imposed an erroneous requirement upon him in denying his motion to reopen. Namely, Tuttle contends his motion was denied because he failed to show a change in his physical condition. This, he asserts, directly violates the law espoused by the Kentucky Supreme Court in *Peabody Coal Company v. Gossett*, Ky., 819 S.W.2d 33 (1991).

"In *Gossett, supra*, it was held:

'[A]n award may now be reopened upon a showing of a change in occupational disability which may be supported by evidence of both physical changes and economic changes, when those economic changes are not brought on by the willful intent of the employee nor by mere changes in economic conditions such as a recession or plant closing. Thus, a change in a claimant's ability to get or hold employment, or to maintain his earlier earning level, could logically be considered a change in occupational disability even though claimant's physical condition may have remained unchanged. We stress, however, that the claimant moving for reopening has the burden of showing that the decrease of wage-earning capacity, whether the result of physical deterioration or subsequent unemployability without a physical change, is due to the effects of the injury in order for an award to be increased. . . .

*Gossett* at 35.'

"Considering the record as a whole together with the orders of ALJs McDermott and Campbell and the opinion of the board in this matter, we conclude that denial of Tuttle's motion was not in contravention of the law.

"The affidavit and evidence offered by Tuttle in support of his motion to reopen clearly established that he lost his job as a crane operator with O'Neal Steel as a result of modern technology, not due to any increase in occupational disability he has suffered. The averments further establish that when his job at O'Neal Steel was eliminated, the company had no other work compatible with the restrictions already imposed upon him at the time he settled his claim. The report offered by Dr. Gavin merely opines that Tuttle suffers the same degree of physical disability accompanied by the same physical restrictions previously imposed upon him at the time he settled his claim.

"Tuttle offered no evidence that he had sought employment since his job at O'Neal Steel was terminated. Tuttle did not demonstrate that he could not find employment elsewhere or that available and compatible employment was denied him. In essence, Tuttle merely averred that the job he had with O'Neal Steel was eliminated (due to technological advances), and that the company had no position to offer him that was compatible with the restrictions imposed upon him at the time he settled his claim. Tuttle only demonstrated that he has not worked since the time his employment with O'Neal Steel ceased.

"The claimant in *Gossett* demonstrated through his affidavit that, due to his occupational disability (the loss of sight in one eye), he was no longer able to find gainful employment commensurate with that he was able to perform at the time his original occupational disability award was determined. In support of his claim, Gossett offered the names of eighteen employers who refused to hire him, some of whom instead hired less experienced applicants than himself to fill positions for which he was qualified. Gossett alleged the reason he was not being hired was due to his physical condition. Thus, unlike Tuttle, Gossett was deemed to have made a prima facie showing of a change in occupational duty despite the fact that his physical condition and/or restrictions had not changed. Tuttle made no such showing that he had been frozen out of the labor market because of the

particular effects of his injury. *Gossett, supra; Stambaugh v. Cedar Creek Mining Company*, Ky., 488 S.W.2d 681 (1977) [1972]; KRS 342.125. The references made by the ALJs to Tuttle's failure to show a change in physical condition do not constitute reversible error when, as here, the record and rulings when viewed as a whole clearly reveal the *Gossett* standard for determining occupational disability was utilized.

"Reviewing the entire record, we are unable to conclude that the evidence compels a different result than that reached by the ALJs and the board. Contrary to Tuttle's claim, the decision to deny Tuttle's motion to reopen for his failure to make a reasonable, prima facie showing that his occupational disability had increased since the settlement is clearly supported by the evidence. Because the order denying the motion was a reasonable exercise of discretion based upon competent, probative evidence, we have no authority to disturb it. *See Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992); *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985); *REO Mechanical v. Barnes*, Ky.App., 691 S.W.2d 224 (1985).

"Accordingly, the board's decision is affirmed.

"ALL CONCUR."

■ Finally, we must clarify for the appellant that he is not entitled automatically to a hearing on the merits of the motion to reopen. The party moving pursuant to KRS 342.125 to reopen a claim is "required to make a reasonable prima facie preliminary showing of the existence of a substantial possibility of one or more of the prescribed conditions." *Stambaugh v. Cedar Creek Mining Company*, Ky., 488 S.W.2d 681 (1972). Although claimant takes the ALJ, the Board, and the Court of Appeals to task for stating that he presented no evidence to support his motion (claiming he was unable to since there was no hearing on the motion) he misunderstands that it is the preliminary showing to which they refer.

Claimant asserts that the evidence he could have submitted was similar to that which was approved by this Court in *Gossett.* In that case the evidence was that submitted with the motion to reopen (the claimant's affidavit); no hearing had yet been conducted. We regret that if similar allegations could have been made herein, claimant failed to submit them in support of his motion, as did Mr. Gossett. Fortunately, since there is no limit on the number of motions to reopen, claimant may get it right the next time.

The decision of the Court of Appeals is affirmed.

All concur except REYNOLDS, J., who concurs in result only.