RENDERED: March 20, 2008
TO BE PUBLISHED

**Supreme Court of Kentucky**

FINAL

2007-SC-000303-WC

DATE ~~April 10,08 EllaBrown DC~~

OFFICEWARE                                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                                2006-CA-001911-WC
WORKERS' COMPENSATION NO. 98-87996

STEPHEN JAY JACKSON,
HONORABLE SHEILA C. LOWTHER,
CHIEF ADMINISTRATIVE LAW JUDGE,
AND WORKERS' COMPENSATION
BOARD                                                              APPELLEES

**OPINION OF THE COURT**

<u>AFFIRMING</u>

As amended effective July 14, 2000, KRS 342.125(3) includes "seeking temporary total disability benefits during the period of an award" among the exceptions to the prohibition on reopening a claim "more than four (4) years following the original award or order granting or denying benefits."

An Administrative Law Judge determined that KRS 342.125(3) did not bar the claimant's motion to reopen to obtain temporary total disability (TTD) benefits during his recovery from surgery and that he was entitled to the benefits. The ALJ also determined that the employer had no reasonable ground for refusing to pay the benefits when due and ordered it to pay 18% interest on the past due amount under KRS 342.040(1) and to pay the claimant's attorney's fees under KRS 342.310(1). The

employer appealed, but the Workers' Compensation Board (Board) and the Court of Appeals affirmed. We affirm.

On August 20, 1999, an ALJ approved a settlement agreement, which indicated that the claimant sustained a low back injury on April 17, 1997, and later underwent surgery to repair a herniated disc. Among other things, the agreement provided for a period of TTD benefits that was followed by a lump sum for permanent partial disability. On April 22, 2004 the claimant filed a motion to reopen seeking TTD benefits. The motion and supporting affidavit stated that the employer had approved a post-award low back surgery, which had been scheduled, but that it refused to approve TTD benefits through the recovery period.

The employer objected to the motion on three grounds: 1.) that reopening is governed by the law on the date of injury, which limits reopening to within four years of the settlement date and does not contain an exception for a motion seeking TTD; 2.) that under KRS 342.125(6), the law on the date of injury controls the parties' rights; and 3.) that no legislative statement designates the 2000 amendment as being remedial and applicable to claims for injuries that occurred before July 14, 2000.

The ALJ determined that the exceptions found in KRS 342.125(3) applied retroactively under KRS 342.125(8), basing the decision on Meade v. Reedy Coal Co., 13 S.W.3d 619 (Ky. 2000), and Johnson v. Gans Furniture Industries, Inc., 114 S.W.3d 850 (Ky. 2003). Turning to the merits of the TTD request, the ALJ awarded benefits for the period from April 12, 2004 through June 14, 2004. The claimant's petition for reconsideration noted that the ALJ failed to award interest on past due benefits and asserted that the employer had no reasonable grounds for refusing to pay TTD when

2

due. He requested 18% interest under KRS 342.040(1) and his attorney's fees under KRS 342.310(1). The ALJ granted the request, and the employer appealed.

When the claimant's injury occurred, the December 12, 1996 version of KRS 342.125 governed reopening. It provided, in pertinent part, as follows:

> (3) Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)(2)., or for reducing a permanent total disability award when an employee returns to work, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, or within two (2) years of such award or order, and no party may file a motion to reopen within two (2) years of any previous motion to reopen by the same party.
>
> . . .
>
> (6) In a reopening or review proceeding where there has been additional permanent partial disability awarded, the increase shall not extend the original period, unless the combined prior disability and increased disability exceeds fifty percent (50%), but less than one hundred percent (100%), in which event the awarded period shall not exceed five hundred twenty (520) weeks, from commencement date of the original disability previously awarded. The law in effect on the date of the original injury controls the rights of the parties.
>
> . . .
>
> (8) The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

The 1996 General Assembly also enacted KRS 342.0015, which provides, in

3

pertinent part, as follows:

> The substantive provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to any claim arising from an injury or last exposure to the hazards of an occupational disease occurring on or after December 12, 1996. Procedural provisions of 1996 (1st Extra.Sess.) Ky. Acts ch. 1 shall apply to all claims irrespective of the date of injury or last exposure, including, but not exclusively, the mechanisms by which claims are decided and workers are referred for medical evaluations. The provisions of KRS . . . 342.125(8) . . . are remedial.

The 2000 General Assembly amended a number of provisions from the 1996 Act. As amended effective July 14, 2000, KRS 342.125(3) includes a motion to reopen for the purpose of seeking TTD among the exceptions to the four-year period of limitations. It no longer contains the two-year waiting periods, and although it retains the four-year limitations period, a party must wait for only one year after filing any previous motion to reopen. The 2000 versions of KRS 342.125(6) and (8) are identical to the 1996 versions.

## REMEDIAL LEGISLATION

The employer argues that the last sentence of KRS 342.125(6) states explicitly that the law on the date of the injury controls the rights of the parties. It reasons that the claimant's injury occurred in 1997; therefore, her motion was untimely because the 1996 version of KRS 342.125(3) does not include an exception to the four-year period for a motion seeking TTD. Relying on KRS 446.080(2) and the legislature's failure to state that the 2000 amendment to KRS 342.125(3) is remedial, the employer also asserts that the exception for a motion seeking TTD applies only to injuries that occurred on or after July 14, 2000. We disagree with both arguments.

Reopening is the remedy that Chapter 342 authorizes to address post-award

4

changes in a worker's disability. The court explained in Peabody Coal Co. v. Gossett, 819 S.W.2d 33, 36 (Ky. 1991), that a statute relating to a remedy or mode of procedure does not come within the legal conception of a retrospective law if it does not disturb vested rights. Nor does it violate KRS 446.080(3)'s rule against the retrospective operation of statutes. The court determined that the reasons supporting the 1987 amendment to KRS 342.125(1) applied to claims that arose before its effective date as well as to subsequent claims; therefore the statute applied to both groups despite the absence of a legislative declaration.

A motion to reopen is the procedural device for invoking an ALJ's jurisdiction to consider a claim for additional benefits. KRS 342.125 did not limit the time for filing such a motion until December 12, 1996. As noted in Johnson v. Gans Furniture Industries, Inc., supra at 854-55, a party has no vested right to a particular statute of limitations. Limitations on the time for taking action relate to the remedy and may be enlarged or restricted without impairing vested rights. For example, an amendment may extend a limitations period that has not run but may not revive a limitations period that has expired. An amendment may shorten a limitations period, but it may not extinguish an existing cause of action or leave less than a reasonable amount of time in which to assert a claim.

The last sentence of KRS 342.126(6), like the first sentence of KRS 342.0015, is a legislative statement of the longstanding principles stated in Maggard v. International Harvester Co., Ky., 508 S.W.2d 777 (1974). Under those principles, the law on the date of an injury governs a worker's entitlement to benefits and the significance of a filing date is to determine compliance with a statute of limitations. As explained more

5

recently in <u>Dingo Coal Co. v. Tolliver</u>, 129 S.W.3d 367 (Ky. 2004), KRS 342.125's procedural requirements relate to the motion to reopen and have no effect on the substantive requirements for proving increased disability after a claim has been reopened. KRS 342.126(6) concerns the duration of income benefits to be awarded in a reopening. It is inapplicable to KRS 342.125(3), which is procedural and concerns the period for filing a motion to reopen.

In <u>Meade v. Reedy Coal Co.</u>, <u>supra</u> at 621-22, the court determined that the December 12, 1996 amendments to KRS 342.125(3) and (8) were remedial and applied to claims that arose before the amendments' effective date. The court noted that KRS 342.0015 included KRS 342.125(8) among the list of remedial statutes. Considering whether KRS 342.125(3)'s two-year waiting period applied to a claim that arose and was decided before December 12, 1996, the court determined that the two-year waiting periods and four-year period of limitations found in KRS 342.125(3) governed claims in which an award was entered on or after December 12, 1996, without regard to the date of injury. The four-year period of limitations found in KRS 342.125(8) governed claims that arose and were decided before December 12, 1996. Based on the explicit language of KRS 342.125(8), the court determined that KRS 342.125(3)'s exceptions to reopening applied to all claims and permitted reopening at any time upon proof of the requisite facts.

The court upheld the constitutionality of the 1996 amendments to KRS 342.125 and the 2000 amendment to KRS 342.125(3) in <u>Johnson v. Gans Furniture Industries, Inc.</u>, <u>supra</u>. Johnson received an award before December 12, 1996, when KRS 342.125 placed no limit on the time for reopening. She alleged in 2001 that she had

6

become permanently totally disabled and argued that KRS 342.125(8) deprived her of a vested right by limiting her time to reopen. The court rejected the argument as well as an argument that the limitations periods found in KRS 342.125 violated Section 59(24) by treating classes of injured workers differently. The court noted that the right to reopen is a matter of legislative grace and that a purpose of the 1996 amendments was to remedy the competitive disadvantage to Kentucky's employers due to the high cost of securing worker's compensation insurance. After comparing the cost of permanent partial, permanent total, and temporary total disability awards, the court concluded that permanent total disability awards are likely to have the most significant impact on insurance costs; whereas, TTD awards entered more than four years after the initial award are likely to have the least significant impact. The court reasoned, supra at 857-58, that the 2000 amendment to KRS 342.125(3) furthers the purpose of the 1996 amendments and that there is a reasonable basis for treating workers who become temporarily totally disabled more than four years after the initial award differently from those who become permanently totally disabled.

Although the 1996 version of KRS 342.0011(11)(a) provided the first statutory definition of TTD, although KRS 342.730(1)(a) referred to TTD as well as to permanent total disability benefits, and although KRS 342.020(1) entitled a worker to reasonable and necessary medical treatment "during disability," the 1996 version of KRS 342.125 was silent concerning a reopening to seek TTD. The Board determined in 1998 that the legislature did not intend for that silence to prohibit a worker from enforcing a right to TTD benefits during recovery from surgery.[1] When the legislature met next, in 2000, it

---

[1] General Electric Co. v. Mary Nadine Higdon, Claim No. 96-06027 (rendered August 17, 1998).

7

amended KRS 342.125(3) to add a motion seeking TTD to the list of exceptions for which reopening is permitted at any time. The amendment became effective on July 14, 2000, which was within four years after December 12, 1996, and before the four-year reopening period expired in any claim. Like the exceptions enacted in 1996, the TTD exception concerns the procedure for reopening. KRS 342.125(8) provides that the exceptions to reopening apply to all claims; therefore, it permits any claim to be reopened at any time upon proof that an injury causes TTD. The ALJ did not err in granting the claimant's motion.

## 18% INTEREST AND ATTORNEY'S FEES

The employer asserts that the finding that it refused to pay TTD without reasonable ground constituted an abuse of the ALJ's discretion. Arguing that its conduct was not unreasonable, the employer states that no published judicial decision addressed the legal basis that it raised for doing so. The employer maintains that the sole reason for the ALJ's findings under KRS 342.040(1) and KRS 342.310(1) was the fact that it lost its primary argument.

A longstanding policy of Chapter 342 is to encourage employers to pay income benefits voluntarily when warranted. KRS 342.040(1) requires them to begin to pay benefits when a worker misses more than seven days of work after an injury. It imposes 12% interest on past-due benefits if the employer is later found to be liable for such benefits but permits 18% interest to be awarded if an employer's denial, delay, or termination of benefits was without reasonable foundation. KRS 342.310(1) permits an ALJ to assess the whole cost of the proceedings, including attorney's fees, on a party who has brought, prosecuted, or defended such proceedings without reasonable

ground." Sexton v. Sexton, 125 S.W.3d 258, 272 (Ky. 2004), explains that the test for an abuse of discretion is whether the resulting decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

KRS 342.125(3) and (8) have limited the period for filing a motion to reopen since December 12, 1996. They clearly base the periods of limitations on dates other than the date of injury, and KRS 342.125(8) clearly applies the four-year period of limitation and the exceptions to all claims "irrespective of when they were incurred." KRS 342.125(6) concerns the duration of income benefits awarded in a reopening rather than the procedure for reopening.

Peabody Coal Co. v. Gossett, supra, explained in 1991 that an amendment concerning a remedy or mode of procedure does not come within the legal concept of a retrospective law and does not require a legislative declaration. Like the present case, it concerned an amendment to KRS 342.125. Meade v. Reedy Coal Co., supra, determined in 2000 that the 1996 amendments to KRS 342.125(3) and (8) are remedial and that KRS 342.125(8) permits any claim to be reopened at any time upon proof of one of the exceptions to reopening. The 2000 amendment extended the period for filing a motion to obtain TTD and did so before the four-year period stated in KRS 342.125(3) expired. In 2003, Johnson v. Gans Furniture Industries, Inc., supra, upheld the constitutionality of the 2000 amendment, noting explicitly that to permit a motion seeking TTD to be filed in any claim at any time furthered the purpose of the 1996 amendment. It was unreasonable under the circumstances for the employer to argue in 2004 that the 2000 amendment to KRS 342.125(3) was not remedial absent a legislative statement to that effect; that the last sentence of KRS 342.125(6) required

9

the ALJ to consider the claimant's motion under the 1996 amendment to KRS 342.125(3); or that the 2000 amendment did not apply because the injury occurred before its effective date. Because the arguments were unreasonable, the decision requiring it to pay 18% interest and attorney's fees was not an abuse of discretion.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
OFFICEWARE:

JAMES GORDON FOGLE
FERRERI & FOGLE
203 SPEED BUILDING
333 GUTHRIE GREEN
LOUISVILLE, KY 40202

COUNSEL FOR APPELLEE,
STEPHEN JAY JACKSON:

MICHAEL P. NEAL
SEWELL, O'BRIEN & NEAL, PLLC
ONE RIVERFRONT PLAZA
401 WEST MAIN STREET
SUITE 1800
LOUISVILLE, KY 40202-2927