RENDERED: AUGUST 27, 2009
TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000777-WC

**FINAL**

DATE 9\17\09 _Kelly Klaber D.C._

RADCO ASBESTOS SPECIALISTS, INC.                         APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                     CASE NO. 2008-CA-000635-WC
WORKERS' COMPENSATION BOARD NO. 90-36895

THOMAS B. LYONS; HONORABLE MARCEL
SMITH, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                         APPELLEES

## OPINION OF THE COURT

### AFFIRMING

KRS 342.125(3) permits a worker seeking temporary total disability (TTD) benefits to reopen "during the period of an award." An Administrative Law Judge (ALJ) dismissed the claimant's motion to reopen to obtain TTD on the ground that the period for such a reopening expired when his award of income benefits expired. Affirming a decision by the Workers' Compensation Board, the Court of Appeals held that the ALJ erred because the claimant's award included future medical benefits.

We affirm. As used in KRS 342.125(3), the period of "an award" includes the period of any medical and income benefits awarded. The claimant's award

included both income and future medical benefits. His motion to reopen seeking TTD was timely because although the period of partial disability benefits had expired, the period of medical benefits had not expired.

The claimant sustained a work-related back injury on June 11, 1990, and was awarded a 30% occupational disability, which provided income benefits for 425 weeks beginning on June 26, 1991,[1] and medical benefits "during disability." At the time, KRS 342.125 placed no limitation on the period for reopening a final award.

As enacted December 12, 1996, KRS 342.125(3) limited the period for reopening to within four years of the "original award or order granting or denying benefits" and imposed a two-year waiting period on motions to reopen. It did not include a motion seeking TTD within the list of exceptions to the two- and four-year periods.[2] KRS 342.125 (8) permitted a claim decided before December 12, 1996, to be reopened within four years after December 12, 1996, provided that the exceptions to reopening found in subsection (3) also applied. The court determined in Meade v. Reedy Coal Co.[3] that the amendments were remedial and applied to all claims, including those that arose before December 12, 1996.

---

[1] We note that 425 weeks would have elapsed on or about August 28, 1999.

[2] The exceptions to the time limitations included a reopening to determine the compensability of medical expenses, fraud, "conforming the award as set forth in KRS 342.730(1)(c)2," or reducing a permanent total disability award upon an employee's return to work.

[3] 13 S.W.3d 619 (Ky. 2000).

The claimant filed the first of two motions to reopen in May 2000, which was after the 425-week period of his income benefits expired but within four years after December 12, 1996. He alleged that his physicians had taken him off work since January 13, 2000, and that he was totally disabled, either temporarily or permanently. An ALJ awarded TTD from January 13, 2000, for so long as the claimant remained totally disabled and ordered the employer to pay for a lumbar discogram. A subsequent order terminated TTD benefits as of July 10, 2003, and an order entered on September 12, 2003, denied the claimant's request for permanent total disability benefits.

The claimant filed the motion to reopen that is the subject of this appeal on January 26, 2004. He alleged increased disability and requested both additional TTD benefits and approval for a proposed surgery. He underwent an independent medical examination by Dr. Kriss by agreement of the parties, after which the employer approved the surgery. Dr. Holt performed the procedure in March 2007.

The sole issue presented to the ALJ concerned the claimant's entitlement to TTD benefits during his recovery, including whether KRS 342.125(3) barred him from reopening to obtain TTD benefits in January 2004.

As amended effective July 14, 2000, KRS 342.125(3) included "seeking temporary total disability during the period of an award" among the exceptions to the time limitations on reopening and reduced the waiting period for

successive motions to reopen to one year.[4] The employer asserted that the phrase "during the period of an award" referred to the period of an award of income benefits and, thus, that KRS 342.125(3) prohibited reopening because the claimant's award of income benefits expired before January 2004. The ALJ agreed and dismissed the claim. Like the Board and the Court of Appeals, we disagree and conclude that this matter must be remanded for additional consideration.

The Board and the Court of Appeals relied on Officeware v. Jackson,[5] which concerned a motion to reopen to obtain TTD that was filed more than four years after the original award but within the 425-week period that the award ordered income benefits to be paid. The court determined that Jackson's motion was timely, noting that the 2000 amendment to KRS 342.125(3) was procedural. It extended the period for filing a motion to obtain TTD and did so before the four-year period for reopening expired in any claim. Although the decision states in dicta that KRS 342.125(3) permits a claim to be reopened to obtain TTD "at any time," the impact of the phrase "during the period of an award" was neither considered nor at issue.[6] Thus, Officeware

---

[4] The court held in Johnson v. Gans Furniture Industries, Inc., 114 S.W.3d 850 (Ky. 2003), that the 1996 amendments to KRS 342.125 and the 2000 amendment to KRS 342.125(3) were constitutional, noting the existence of a reasonable basis for treating workers who become temporarily totally disabled after the four-year period for reopening expires differently from those who become permanently totally disabled.

[5] 247 S.W.3d 887, 892 (Ky. 2008).

[6] Id. at 891.

does not dispose of the present appeal, which turns on what the statute means by "an award."

The employer asserts that KRS 342.125(3)'s reference to the "the period of an award" limits a reopening seeking TTD to the period during which income benefits are paid. We disagree.

KRS 342.125(3) states as follows:

> Except for reopening solely for determination of the compensability of medical expenses, fraud, or conforming the award as set forth in KRS 342.730(1)(c)2., or for reducing a permanent total disability award when an employee returns to work, or seeking temporary total disability benefits during the period of an award, no claim shall be reopened more than four (4) years following the date of the original award or order granting or denying benefits, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party. (emphasis added).

KRS 342.0011 does not define the term "award," but when used in a legal sense it refers to a final judgment or decision.[7] Notwithstanding dicta found in Hall v. Hospitality Resources, Inc.,[8] Chapter 342 uses the term generally to refer to a final decision that orders an employer to compensate its employee for the effects of a work-related injury. Chapter 342 provides two forms of compensation, income benefits and medical benefits.[9] An award may include either type of compensation or both. Although the court did not determine that a compensable injury might be temporary and warrant only

---

[7] Black's Law Dictionary 132 (7th ed. 1999).

[8] 276 S.W.3d 775, 785-86 (Ky. 2008).

[9] See KRS 342.0011(12)-(14).

5

temporary medical benefits until 2001,[10] medical benefits have always been awarded "during disability." We conclude that had the legislature intended to limit the time for seeking TTD to the period that income benefits were awarded, it would have stated so explicitly.

Although KRS 342.730(1) provides income benefits for periods of 425 or 520 weeks, KRS 342.020(1) entitles an injured worker to medical benefits "during disability," a period that extends for so long as an injury causes impairment as defined by the AMA Guides to the Evaluation of Permanent Impairment.[11] Thus, a worker whose injury produces a worsening of impairment may reopen in order to seek TTD, regardless of whether the previous impairment rose to the level that warranted permanent income benefits or whether the period of any previously-awarded income benefits has expired. Despite the employer's assertion, this presents no conflict with KRS 342.730(4), which terminates a worker's entitlement to all income benefits, including TTD, upon a worker's eligibility for old-age social security retirement.

The claimant was entitled to surgery for the effects of his injury. Thus, this claim must be remanded for an ALJ to determine the period of TTD that the surgery produced.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

[10] See Robertson v. United Parcel Service, 64 S.W.3d 284 (Ky. 2001).

[11] FEI Installation, Inc. v. Williams, 214 S.W.3d 313, 318 (Ky. 2007). "The Fifth Edition of the Guides, page 2, defines impairment as being 'a loss, loss of use, or derangement of any body part, organ system, or organ function.'" Id.

COUNSEL FOR APPELLANT,
RADCO ASBESTOS SPECIALISTS, INC.:

James Gordon Fogle
Denis S. Kline
Ferreri & Fogle
203 Speed Building
333 Guthrie Green
Lousivlle, KY 40202


COUNSEL FOR APPELLEE,
THOMAS B. LYONS:

Wayne C. Daub
600 West Main Street
Suite 300
Louisville, KY 40202


COUNSEL FOR AMICUS CURIAE,
PATRIOT COAL COMPANY,
APPALACHIAN REGIONAL HEALTH CARE, INC.,
KACO (KENTUCKY ASSOCIATION OF COUNTIES),
KENTUCKY LEAGUE OF CITIES, AND
KENTUCKY SELF INSURED ASSOCIATION (COLLECTIVELY "AMICI"):

Peter J. Glauber
Boehl, Stopher & Graves, LLP
2300 Aegon Center
400 West Market Street
Louisville, KY 40202