RENDERED:  JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0276-MR

WILL ED CLARK; DWL FAMILY
ENTERPRISES, LLC; DYLAN
WILLIAMS; GREGORY BOYD; LESLIE
WILLIAMS; MICHAEL DARNELL;
AND NICHOLAS DARNELL D/B/A
DARNELL PUMPKINS                                                       APPELLANTS


v.
APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 20-CI-00381


JAMES JONES                                                                    APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

CETRULO, JUDGE:  The only issue on appeal is the retroactivity of Kentucky's

Uniform Public Expression Protection Act ("UPEPA").  As we are bound by recent

precedent finding UPEPA to be applicable retroactively, we reverse and remand.

# BACKGROUND

Appellee James Jones ("Jones") is a farmer who entered into a prospective business arrangement with a hog producer to provide care for 7,800 of the producer's hogs. In furtherance of that plan, Jones applied to the Division of Water ("DOW"), a division of the Kentucky Energy and Environment Cabinet, for a Kentucky No Discharge Operation Permit ("KNDO Permit"). In October 2019, DOW approved Jones's application and issued him a KNDO Permit.

Jones alleges that after DOW issued his KNDO Permit, the Appellants,[1] ostensibly his "Neighbors," interfered with his KNDO Permit and disrupted his business plans. In February 2020, the DOW revoked Jones's KNDO Permit because his application did not identify land features within the required setback (primarily Appellant Darnell Pumpkins) and failed to provide the required Nutrient Management Plan. Further specifics of the KNDO Permit and its revocation are not material to this appeal.

In November 2020, Jones filed a complaint in the Graves Circuit Court against Neighbors and alleged defamation, false light, and tortious interference with a business advantage. In January 2021, Neighbors moved to dismiss the complaint, or in the alternative, for a more definite statement. Two

---

[1] Will Ed Clark; DWL Family Enterprises, LLC; Dylan Williams; Gregory Boyd; Leslie Williams; Michael Darnell; and Nicholas Darnell d/b/a Darnell Pumpkins.

months later in April, the circuit court denied the motion to dismiss, but granted its motion for a more definite statement. On July 29, 2021, Jones filed an amended complaint repeating his claims that Neighbors defamed him and intentionally cast him in a false light to induce the DOW to revoke his KNDO Permit.

In January 2022, Kentucky implemented anti-SLAPP[2] legislation and codified UPEPA within Kentucky Revised Statutes ("KRS") 454.460 to 454.478. UPEPA became effective on July 14, 2022 and established procedures for dismissing legal actions filed in response to a party's exercise of free speech, right to petition, or right to association. *See id*; *see also Davenport Extreme Pools & Spas, Inc. v. Mulflur*, 698 S.W.3d 140, 150 (Ky. App. 2024). KRS 454.476 permits an interlocutory appeal as a matter of right from an order granting or denying, in whole or in part, a motion for relief pursuant to UPEPA.

On September 12, 2022, Neighbors filed a motion for expedited relief pursuant to KRS 454.464 seeking dismissal of Jones's complaint. Neighbors filed this UPEPA-based motion 410 days after Jones filed his amended complaint and

---

[2] Strategic Lawsuits Against Public Participation. "SLAPP lawsuits aim to harass, intimidate, or silence those individuals who use their right to petition. Anti-SLAPP laws typically function by allowing the defendant, the person who exercised his or her petitioning rights, to file a motion to strike or dismiss because the case involves protected speech on a matter of public concern." *Seiller Waterman, LLC v. Bardstown Cap. Corp.*, 643 S.W.3d 68, 79 (Ky. 2022), abrogated by *Bluegrass Tr. for Historic Pres. v. Lexington Fayette Urban Cnty. Gov't Plan. Comm'n*, No. 2022-SC-0480-DG, 2024 WL 3929726 (Ky. Aug. 22, 2024).

60 days[3] after the new legislation took effect. The circuit court denied the motion concluding UPEPA is not retroactive as it does not contain explicit retroactive language as required by KRS 446.080(3). Neighbors appealed.

## ANALYSIS

We review *de novo* a circuit court's decision to grant or deny a motion under UPEPA. *Davenport*, 698 S.W.3d at 150.

Here, the circuit court concluded that UPEPA was not retroactive because KRS 446.080(3) states that "[n]o statute shall be construed to be retroactive, unless expressly so declared." As UPEPA does not explicitly state retroactivity, the circuit court denied Neighbors' motion for expedited relief.[4] However, in light of *Davenport*, *supra*, we disagree.

In *Davenport*, a different panel of this Court addressed UPEPA's retroactivity and explicitly rejected exclusive reliance on KRS 446.080(3). *Davenport* determined that KRS 446.080(3) applies to retrospective laws "which take[] away or impair[] vested rights acquired under existing laws, or which create[] a new obligation and impose[] a new duty, or attach[] a new disability, in

---

[3] Jones counts 61 days, but we do not agree. UPEPA became effective July 14. Counting the days *after* the legislation became effective, day 1 is July 15, and day 60 is September 12.

[4] The circuit court is not alone in its reliance on KRS 446.080(3). In February 2024, a panel of this Court indicated that UPEPA should not apply retroactively pursuant to KRS 446.080(3). *See Ramler v. Birkenhauer*, 684 S.W.3d 708, 715-16 (Ky. App. 2024). However, four months later in June 2024, another panel of this Court determined *Ramler*'s brief statement amounted to non-binding dictum and utilized a different, more thorough analysis for UPEPA's retroactivity.

respect to transactions or considerations already past." *Davenport*, 698 S.W.3d at 151 (quoting *Peabody Coal Co. v. Gossett*, 819 S.W.2d 33, 36 (Ky. 1991)). Yet KRS 446.080(3) does *not* apply to merely procedural or remedial changes. *Id*. at 150-54. This Court held that UPEPA falls "squarely in the procedural category" because these statutes "provide procedures that permit expedited consideration of already-existing substantive protections" and "in no way alter[] or impair[] vested rights." *Id*. at 151 (citations omitted). Thus, UPEPA need not contain retroactive language in order to be applied retroactively. *Id*. at 150-54. In fact, Kentucky courts may apply UPEPA retroactively. *Id*. 152-53. The trial court erred in declining to do so based upon our current precedent.

## CONCLUSION

In its order, the Graves Circuit Court specifically declined to address the merits of any other motions upon the representation of Neighbors that the sole issue was whether UPEPA applied retroactively. Finding that it does, we reverse the Graves Circuit Court and remand for further proceedings consistent with this Opinion, and with the statute.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Randal A. Strobo
Clay A. Barkley
Julia D. Taylor
Paducah, Kentucky

Warner Wheat
Paducah, Kentucky

BRIEF FOR APPELLEE:

Gary W. Thompson
Thomas Wright
Lexington, Kentucky